# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-20277

FLEMING & ASSOCIATES

Plaintiff-Appellant

v.

NEWBY & TITTLE DEFENDANTS, Represented by Liaison Counsel; ROBERT A BELFER; NORMAN P BLAKE, JR; RONNIE C CHAN; WENDY L GRAMM; ROBERT K JAEDICKE; CHARLES A LEMAISTRE; JOE H FOY; BRUCE G WILSON; JOHN MENDELSON; PAULO V FERRAZ PEREIRA; FRANK SAVAGE; HERBERT S WINOKUR, JR; JEROME J MEYER; JOHN A URQUHART; CHARLES E WALKER; JOHN WAKEHAM

Defendants-Appellees

_____

DAVID JOSE; JAMES BRISTER; PETER MAXFIELD; GEORGE ATALLAH

Plaintiffs-Appellants

v.

ROBERT A BELFER; NORMAN P BLAKE , JR; RONNIE C CHAN, JR; JOHN H DUNCAN; JOE H FOY; WENDY L GRAMM; KEN L HARRISON; ROBERT K JAEDICKE; MICHAEL J KOPPER; CHARLES A LEMAISTRE; REBECCA MARK-JUBASCHE; JOHN MENDELSOHN; JEROME J MEYER; PAUL V FERRAZ PEREIRA; FRANK SAVAGE; JOHN A URQUHART; JOHN WAKEHAM; CHARLES E WALKER; HERBERT S WINOKUR, JR, CERTAIN OUTSIDE DIRECTOR DEFENDANTS

Defendants-Appellees

_____

MARY BAIN PEARSON; JOHN MASON

Plaintiffs-Appellants

v.

ROBERT A BELFER; NORMAN P BLAKE, JR; RONNIE C CHAN; JOHN H DUNCAN; JOE H FOY; WENDY L GRAMM; KEN L HARRISON; ROBERT K JAEDICKE; MICHAEL J KOPPER; CHARLES A LEMAISTRE; JOHN MENDELSOHN; JOHN A URQUHART

                                         Defendants-Appellees

---

FRED ROSEN; MARIAN ROSEN; LARRY D BARNETT; ROBERT CHAZEN; CLIFFORD D GOOKIN, Trustee for the Clifford D Gookin Revocable Living Trust; CARL HERRIN; TODD L JOHNSON, Administrator for RJS & Affiliated Companies Pension Plan; ROBIN SAEX; JOHN SIEMER AND ELIZABETH SIEMER, Trustees FBO the Siemer Family Trust; JOHN E WILLIAMS; LEE ANN TOBIN, Personal Representative of the Estate of Anthony Tobin

                                         Plaintiffs-Appellants

v.

ROBERT A BELFER; NORMAN P BLAKE, JR; RONNIE C CHAN; JOHN H DUNCAN; JOE H FOY; WENDY L GRAMM; ROBERT K JAEDICKE; CHARLES A LEMAISTRE; JOHN MENDELSOHN; JEROME J MEYER; PAUL V FERRAZ PEREIRA; FRANK SAVAGE; JOHN A URQUHART; JOHN WAKEHAM; CHARLES E WALKER; HERBERT S WINOKUR, CERTAIN OUTSIDE DIRECTOR DEFENDANTS

                                         Defendants-Appellees

---

HAROLD AHLICH; FRANCES AHLICH; JOHN BANKS; IDA BANKS; NANCY BELL; BILL BRAGDON; RHONDA BRAGDON; BRUCE CAMPBELL; JANET CAMPBELL; VINCENT CARRELLA; MARIANNE CARRELLA; LOUIS CARUCCI; PATRICK CUNNINGHAM; JAMES DAVIDSON; KAREN DAVIDSON; JOHN DAVIS; PETER DORFLINGER; RONALD GISH; JOHANNE GRAHAM; JOHN GUTMAN; DAVID HUCKIN; EDWARD JAPHE; MICHAEL KREHEL; JOHN NEIGHBORS; JEAN NEIGHBORS; WILLIAM PWELL; SAMUEL REINER; LILLIAN REINER; HENRITTA ROWE; RALPH SHAPIRO; JEAN SHAPIRO; CONSTANCE THEODORE; GEORGE VENTERS; NICKYE VENTERS; PETER VERUKI; CHRIS BABSON AND STACEY BABSON, Co-Executors of the Estate of Irving Babson; JENNIE LUTZ, Personal Representative of the Estate of Paul Lutz

No. 07-20277

Plaintiffs-Appellants

v.

ROBERT A BELFER; NORMAN P BLAKE, JR; RONNIE C CHAN; JOHN H DUNCAN; JOE H FOY; WENDY L GRAMM; ROBERT K JAEDICKE; CHARLES A LEMAISTRE; JOHN MENDELSOHN; JEROME J MEYER; PAUL V FERRAZ PEREIRA; FRANK SAVAGE; JOHN A URQUHART; JOHN WAKEHAM; CHARLES E WALKER; HERBERT S WINOKUR, JR

Defendants-Appellees

_____

RUBEN DELGADO; IRENE DELGADO; APOLONIO BACA; ROBERT H BAKER, on Behalf of the Brookdale Baker Limited Family Partnership; DAVID F BITONTI; EDWIN C BROUN, III; CAROLINE CALLERY; WALLACE TILLEY, as Representative of the Estate of Bonnie Cooksey; LOUIS J DALEO, on Behalf of Loumar Ltd a Partnership; KEN DAVIS; JEFFREY W ELLIOT; DONNA L GAGLIARDI; LOUIS GORDON; JOEL GROSSMAN; JAIME GROSSMAN; DOUGLAS C HAUSE; RIETTA HUGHMACHER; GEORGE JEFFORDS; KENNETH H JONES, on Behalf of Marianne Jones; EMILY KEMPER; ALAN LEVIN; DIANE LEVIN; SYLVIA H LOHMAN; DAVID P MATTHEWS; KEN J MCCALL; MARY FAYE MCCALL; LANCE MILLER; BARBARA MILLER; EDWARD O'ROURKE; KATHRYN O'ROURKE; FRANK PARGAC; DEBRA PARGAC; ALEX PEZDEK; ARLENE RAWITSCHER; JOHN B ROWE; JEFFREY E SHAINOCK; ROBERT TILOTTA; THOMAS TOSONI; BILL W VERNON; SHAUN WYMES; NANCY BELL, Personal Representative of the Estate of Howard Earl Bell

Plaintiffs-Appellants

v.

ROBERT A BELFER; NORMAN P BLAKE, JR; RONNIE C CHAN; JOHN H DUNCAN; JOE H FOY; WENDY L GRAMM; ROBERT K JAEDICKE; CHARLES A LEMAISTRE; JOHN MENDELSOHN; JEROME J MEYER; PAULO V FERRAZ PEREIRA; FRANK SAVAGE; JOHN A URQUHART; JOHN WAKEHAM; CHARLES E WALKER; HERBERT S WINOKUR, JR

Defendants-Appellees

_____

DON L GUY, Trustee for the Guy Family Living Trust; JACK MANNING; SUE MANNING; MARY H PEARSON; CURTIS D ROBERT; GREY SWINDENSKY; BARRY M WUNTCH; DOROTHY ZEIGFINGER AND

3

HAROLD ZEIGFINGER, Co-trustees for the Harold & Dorothy Zeigfinger Family Trust; CHARLES H ADDERHOLD; ARNOLD GREENBERG; REGAN YARDLEY; HAROLD SPEARS; SUZANNE C SPEARS; LENORA HARTMAN; JOSEPH HAMER; PATRICIA A THOMAS; ALFRED URBANEK; ADRIENNE SAMUELS; ROBERT HERZBERG; FRANCES R MATTINGLY; GEORGE J COOKE; DEBRA C LEVENSON; WILLIS BARTAK; JOYCE W RICHARDSON; RICHARD C KENTOPP; JIM BEMIS; ROSANNA KAAR; WILLIAM P TODSEN; JOSEPH TENNARO; THEODORE A MARCINIAK; MARTIN KAYE AND JUDITH KAYE, Trustees for the Kaye Family Trust; STANLEY JACK ABRAMS; LAWRENCE P TREADWELL; THOMAS J REGAN; MARTHA SEARS, Personal Representative of the Estate of Kaylor Wilkins

Plaintiffs-Appellants

v.

ROBERT A BELFER; NORMAN P BLAKE, JR; RICHARD B BUY; RONNIE C CHAN; JOHN H DUNCAN; JOE H FOY; WENDY L GRAMM, M D; ROBERT K JAEDICKE; CHARLES A LEMAISTRE; JOHN MENDELSOHN; JEROME J MEYER; FRANK SAVAGE; JOHN A URQUHART; JOHN WAKEHAM; CHARLES E WALKER; HERBERT S WINOKUR, JR

Defendants-Appellees
_____
CYNTHIA L ADAMS; COURTNEY L ALLEN; MARIA M ALTINGER; SUSAN L DAVIS; WILDA B DAVIS; MARY ANN FISHER; RUTH E FLOURNOY; FRANK W GEROLD; FRANK W GEROLD, on Behalf of the Estate of Patricia M Gerold; DOROTHY L PIERCE; DOUGLAS P PIERCE; GERALD E SEDLACEK; JEANETTE A SEDLACEK; CARL TRAGESSER; ROBERT F WOHLFARTH; ERNEST J SCHWARTZ; EDITH SCHWARTS; VERN C SMITH; NANCY S ROBERTSON; GEORGE FRASER; MAURINE D FRASER; JACOB J TAMBORELLO; PHYLLIS F TAMBORELLO; JOHN W PETERSON; CAROLYN JANE PETERSON; WILLIAM E TOLSON; RICHARD F MILLER; PETER JENNINGS; STEPHEN JENNINGS AND LINDA JENNINGS, Trustees for the Stephen and Linda Jennings Trust; STEPHEN O JENNINGS, Trustee for the Susan Trust; LEROY W PICKENS; JOHN A TUTHILL; THOMAS K HUISKAMP; ROBERT W SLOAN; GEORGE C CAUBLE, JR; ARUN MISRA; JAY MISRA; CLYDE CARPENTER; CAROLYN CARPENTER

Plaintiffs-Appellants

v.

No. 07-20277

ROBERT A BELFER; NORMAN P BLAKE, JR; RONNIE C CHAN; JOHN H DUNCAN; JOE H FOY; WENDY L GRAMM, M D; ROBERT K JAEDICKE; CHARLES A LEMAISTRE; JOHN MENDELSOHN; JEROME J MEYER; FRANK SAVAGE; JOHN A URQUHART; JOHN WAKEHAM; CHARLES E WALKER; HERBERT S WINOKUR, JR, CERTAIN OUTSIDE DIRECTOR DEFENDANTS

Defendants-Appellees

_____

Appeals from the United States District Court
for the Southern District of Texas

_____

Before SMITH and PRADO, Circuit Judges, and LUDLUM[*], District Judge.

PRADO, Circuit Judge:

In this case we review an award of attorneys' fees that, regardless of our decision, will never be paid. Plaintiffs-Appellants brought this appeal, seeking vacatur of the district court's imposition of compensatory attorneys' fees in light of the settlement of their suit against Defendants-Appellees. For the following reasons, we AFFIRM the judgment of the district court with respect to its initial sanctions order but VACATE the attorneys' fees portion of the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying litigation in this case is one of many cases arising from the Enron collapse and consolidated in the Southern District of Texas. This particular case involved several coordinated/consolidated plaintiffs represented by Fleming & Associates L.L.P. ("the Fleming Plaintiffs") and their claims against Defendants-Appellees, the former outside directors of Enron ("the Outside Directors").

_____

[*] District Judge of the Western District of Texas, sitting by designation.

During the course of discovery, the Fleming Plaintiffs designated Curtis Verschoor ("Verschoor") as an expert witness on business and professional ethics, corporate governance, corporate auditing, and public disclosures. Verschoor prepared a 165-page report that the Fleming Plaintiffs timely filed on June 1, 2006, the deadline to file such reports under the district court's discovery order. The discovery order applicable to the Enron cases required parties to upload expert opinions to a secure FTP site to be used for Enron discovery documents. The order also required parties to post a notice to a separate website, esl3624.com, to inform the other parties of the production of a new document.

On September 5, 2006, the day before Verschoor's scheduled deposition, the Fleming Plaintiffs uploaded an amended version of his expert report to the Enron discovery website. They did not post notice of the newly uploaded document to the notice website, esl3624.com.

The Outside Directors first became aware of revisions to Verschoor's report at the beginning of his September 6 deposition. At that time, the Fleming Plaintiffs did not provide a comparison of specific changes made to the report, though they asserted that all changes were non-substantive. In his deposition, Verschoor characterized the changes as typographical and grammatical—periods and semicolons out of place—and a few omitted words. He also initially testified that the Fleming Plaintiffs' counsel did not make any changes to the report, although after further questioning, Verschoor realized that the Fleming Plaintiffs' counsel had made some revisions to the report's table of contents. Verschoor's deposition testimony also suggested that the Fleming Plaintiffs' counsel knew of errors in the body of the report around the time it was originally filed, June 1, and that Verschoor did not make revisions to the body of the report until approximately ten days prior to his deposition.

The Outside Directors' counsel halted the deposition and requested an emergency telephone hearing before the district judge overseeing the case, Judge Melinda Harmon. Judge Harmon suggested that the deposition be recessed until she could make further rulings. In the interim, the Outside Directors filed a motion to exclude Verschoor's testimony.

On September 14, 2006, the district court issued an order sanctioning the Fleming Plaintiffs' counsel and denying the Outside Directors' motion to exclude the expert's testimony. After performing its own line-by-line comparison of the original and revised expert reports, the district court concluded,

> Although the table of contents is substantially different, the only differences in the body of the report consist of occasional changes of dates, the dropping of a line from the original report in the amended report, the additions of words and a few punctuation and formatting changes. None of the changes to the body of the original report found in the amended report appear to be material.

The court noted that counsel's revisions to the report's table of contents "give[] rise to suspicion that counsel may have had a hand in writing the report," but the court concluded that any changes to the body of the report were not material and were made by the expert witness himself. The court nevertheless ordered that the Fleming Plaintiffs' counsel be "sanctioned for changing the expert witness's report and shall pay to the Former Outside Directors the reasonable attorneys['] fees incurred by counsel for the Former Outside Directors in bringing the [motion to exclude expert testimony]." The court ordered the Outside Directors to submit a fee affidavit to be used to calculate the sanctions amount.

On September 28, 2006, the Fleming Plaintiffs moved for reconsideration of the sanctions order under Federal Rule of Civil Procedure 59(e). They also objected to the fee affidavit submitted by the Outside Directors. In turn, the

Outside Directors opposed the Fleming Plaintiffs' motion for reconsideration and opposed the objections to the fee affidavit.

In early December 2006, the parties settled their underlying dispute, and on December 13, 2006, the Fleming Plaintiffs moved to dismiss all claims against the Outside Directors. In an unopposed motion, the Fleming Plaintiffs moved that "all parties shall bear their own costs, expenses and attorneys' fees." Thereafter, the Outside Directors withdrew their opposition to reconsideration and agreed to withdrawal of the sanctions order.

On February 8, 2007, the district court denied reconsideration of its sanctions order and referred the attorneys' fee issue to a magistrate judge "for consideration and resolution, including a hearing, should she find one necessary." On March 6, 2007, although the Outside Directors informed the magistrate judge that they had agreed not to collect sanctions after the settlement,[1] the magistrate judge held a hearing and directed the Fleming Plaintiffs' counsel to pay $15,214.45 in attorneys' fees and expenses to the Outside Directors. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291 to hear this appeal.

## II. DISCUSSION

The Fleming Plaintiffs raise two arguments in challenging the district court's sanctions orders. First, they make arguments based on mootness: either the settlement stripped the district court of jurisdiction to impose compensatory sanctions, requiring mandatory vacatur, or the Fleming Plaintiffs should be entitled to equitable vacatur of the sanctions because the settlement made any appeal of the sanctions moot. Second, the Fleming Plaintiffs contend that the

---

[1] Counsel for the Outside Directors wrote to the magistrate judge, advising her of the settlement: "Our clients, however, have settled the claims of the Fleming Plaintiffs and—pursuant to that settlement—are precluded from pursuing further the sanctions at issue in Judge Harmon's ruling."

district court abused its discretion in granting the sanctions order in the first place.

A.    Mootness

This court reviews questions of mootness de novo. Staley v. Harris County, 485 F.3d 305, 308 (5th Cir.) (en banc), cert. denied, 128 S. Ct. 650, and cert. denied, 128 S. Ct. 647 (2007). The Fleming Plaintiffs argue that their settlement with the Outside Directors in the underlying case should have mooted the district court's award of compensatory sanctions against the Fleming Plaintiffs' counsel. This argument basically splits into two prongs. First, the Fleming Plaintiffs claim that the district court lacked jurisdiction at the time it imposed the final sanctions because the parties had settled by that time. Second, the Fleming Plaintiffs contend that, regardless of whether the district court had jurisdiction, the settlement moots any appeal of the sanctions order, and the order is therefore subject to equitable vacatur.

The Fleming Plaintiffs' first argument invites us to view the district court's September 14, 2006 sanctions order as a mere preliminary order that did not become a final appealable order until the magistrate judge determined the sanctions amount on March 6, 2007. Citing Williams v. Ezell, 531 F.2d 1261 (5th Cir. 1976), the Fleming Plaintiffs argue that the district court's sanctions order was not final until a monetary amount was decided. In Williams, we held that the district court's grant of a party's motion seeking attorneys' fees was not a final order for the purpose of appellate review because the court deferred the question of the amount of those fees. Id. at 1263; accord Perkins v. Gen. Motors Corp., 965 F.2d 597, 599 (8th Cir. 1992) ("This order, however, was not a final appealable order because it prescribed procedures to determine the amount of money due under the sanctions."). If the instant case was moot before the district court's final judgment on the sanctions order, that final order is subject to mandatory vacatur. Goldin v. Bartholow, 166 F.3d 710, 718 (5th Cir. 1999)

("If mootness occurred prior to the rendering of final judgment by the district court, vacatur and dismissal is automatic. The district court would not have had Article III jurisdiction to render the judgment, and we cannot leave undisturbed a decision that lacked jurisdiction.").[2]

Nevertheless, we recognize that a district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after that court no longer has jurisdiction over the substance of a case: "It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); see also Willy v. Coastal Corp., 503 U.S. 131, 139 (1992) (holding that a district court had jurisdiction to impose Rule 11 sanctions even though it was later found to lack jurisdiction over the underlying case). The Eighth Circuit elaborated on this point:

> The purpose of sanctions goes beyond reimbursing parties for expenses incurred in responding to unjustified or vexatious claims. Rather, sanctions are designed to punish a party who has already violated the court's rules. The interest in having rules of procedure obeyed does not disappear merely because an adversary chooses not to collect the sanctions.

Perkins, 965 F.2d at 599 (citation and internal quotation marks omitted).

Second, the Fleming Plaintiffs contend that if the district court had jurisdiction at the time it issued its final attorneys' fee award, any appeal of that monetary award would be rendered moot by the parties' settlement and the Outside Directors' agreement not to collect it. In that event, we would vacate under equitable principles. U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,

---

[2] Regardless of whether the district court had jurisdiction over a purportedly moot issue, the Court of Appeals retains jurisdiction to order vacatur of a mooted case. U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 20-22 (1994).

513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment."); United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.").[3]

Regardless of which approach we take, it is important to recognize that the district court's action included two components: (1) a finding that the Fleming Plaintiffs' attorney engaged in sanctionable behavior; and (2) a compensatory award payable to the Outside Directors. Although no Fifth Circuit case gives us direct guidance on this issue, courts in other circuits have recognized that a compensatory sanction—primarily intended to compensate a party for a wrong

---

[3] We observe that the Supreme Court has relaxed the Munsingwear rule of "automatic" vacatur in cases that become moot on appeal. See U.S. Bancorp, 513 U.S. at 23-25; Staley, 485 F.3d at 310. Under current law, the appropriateness of equitable vacatur is determined by weighing the equities on a case-by-case basis. Staley, 485 F.3d at 311 n.2. "[T]he burden is on 'the party seeking relief from the status quo' of the lower court judgment to demonstrate 'equitable entitlement to the extraordinary remedy of vacatur.'" Id. at 310 (quoting U.S. Bancorp, 513 U.S. at 26) (emphasis removed). Equitable vacatur generally is only available in cases where the party seeking relief from the judgment below did not cause the mootness by voluntary action: "Where mootness results from settlement, . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." U.S. Bancorp, 513 U.S. at 25.

In this case, the district court never had a chance to rule on the merits of the underlying dispute because the parties settled. The court's March 6 sanctions order—assuming the court retained jurisdiction at the time it issued its final monetary award—was a punishment against the Fleming Plaintiffs' counsel, not a judgment that either of the parties in the case could claim as a victory or a loss. We should not deprive the Fleming Plaintiffs' counsel of the right to equity when the party he represents chose to settle its suit. See Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 399 (2d Cir. 1997) ("[An attorney] ha[s] an ethical obligation as an attorney to act in his client's best interests, and he could not discourage his client from entering into a settlement simply because his client's action might cause him to 'forfeit' his opportunity to appeal the district court's findings that he acted in bad faith."); Perkins, 965 F.2d at 600 ("The refusal to grant jurisdiction over an appeal of sanctions after the underlying suit has been settled thrusts a personal conflict upon the attorney—by settling a case in the client's interest he may have to forfeit a personal right to appeal the sanctions levied against him.").

11

committed against it by the opposing party—is substantially different from a purely punitive sanction, in which a litigant must pay the court or perform some other penance for misbehavior. For example, the Seventh Circuit drew such a distinction in Clark Equipment Co. v. Lift Parts Manufacturing Co., 972 F.2d 817 (7th Cir. 1992). The court emphasized that parties should be able to bargain away the right to receive compensatory sanctions:

> We agree that a court's interest in having the rules of procedure obeyed never disappears. But that interest is not sufficient to keep a compensatory award alive for appeal after the parties have settled. A district court may sanction abusive behavior directly by imposing a punitive fine made payable to the court or by imposing non-monetary sanctions. These sanctions cannot be settled by the parties. Alternatively, however, the court may sanction the offending party by forcing him to compensate his opponent for the trouble he has caused. This second enforcement mechanism may be analogized to tort remedies, which also regulate behavior by compensating injured parties. Society at large has an interest in enforcing negligence rules, yet we allow tort plaintiffs to bargain away that interest by settling. So too the beneficiary of a compensatory sanction may bargain away the court's interest in seeing its rules enforced. And despite the way we have phrased our analogy, a settlement does not mean that a sanction has been rendered ineffective—any more than a guilty plea indicates that the criminal laws are not being enforced.

Id. at 819 (citation omitted) (emphasis added).

The Eleventh Circuit took a similar approach in Kleiner v. First National Bank of Atlanta, 751 F.2d 1193 (11th Cir. 1985). In that case, the district court imposed various sanctions on one party's lawyers, including compensatory attorneys' fees payable to the other party and a fine payable to the court. Id. at 1199. While an appeal of the sanctions was pending, the parties settled the underlying case. Id. The Eleventh Circuit remanded the attorneys' fee awards to the district court with instructions to vacate those portions of its order as moot. Id. By contrast, the Eleventh Circuit upheld the fine payable to the court.

12

That fine was "imposed pursuant to the inherent powers of the district court and is not subject to revocation by the parties." Id. at 1200. The court thus articulated a distinction between sanctions payable to the court and those intended to compensate the opposing party:

> The stipulation awarding attorneys' fees by its terms encompasses the district court's award of fees and costs incident to class notice and the disciplinary proceeding. The parties correctly argue that the settlement has mooted issues of attorneys' fees, costs, and the legality of the voidable exclusion sanction . . . . A different result must obtain with respect to the fines and disqualification imposed upon counsel. The $50,000 fine assessed against [counsel] was imposed pursuant to the inherent powers of the district court and is not subject to revocation by the parties.

Id. at 1199-200. Under Kleiner, therefore, a district court order awarding compensatory attorneys' fees should be vacated as moot after a settlement of the underlying litigation.

We are persuaded by Clark and Kleiner that we should vacate the monetary portion of the sanctions in this case, regardless of whether the issue became moot before or after the district court's sanctions order became final. If we interpret the magistrate judge's March 6, 2007 order as the only final sanctions order at issue, the issue of monetary sanctions was moot at that time, the district court lacked jurisdiction, and we must therefore vacate the judgment. See Goldin, 166 F.3d at 718. Alternatively, because the settlement moots any appeal of the compensatory portion of the sanctions, we should vacate under equitable principles. See Munsingwear, 340 U.S. at 39.

Notwithstanding our reversal of the compensatory sanctions, we decline to vacate the district court's September 14 order entirely. In that order, prior to the parties' settlement, the district court sanctioned the Fleming Plaintiffs' lawyer and explained its reasons for doing so. If the September 14 order is seen as a final judgment, it is not subject to mandatory vacatur, which applies only

when the court lacked jurisdiction at the time it issued a final order. See Goldin 166 F.3d at 718. It is clear that the sanctions issue could not have become moot before the settlement. Therefore the district court had jurisdiction on September 14 to issue the sanctions order, and mandatory vacatur does not apply. See id.

Even if the September 14 order was not a final judgment, equitable vacatur is not appropriate because the order is nevertheless appealable: Any non-monetary portion of the sanctions not rendered moot by settlement is appealable for its residual reputational effects on the attorney. Walker v. City of Mesquite, 129 F.3d 831, 832-33 (5th Cir. 1997) (holding that even without a monetary sanctions award, the damage to an attorney's reputation caused by a court's sanction creates a reviewable issue sufficient to support Article III jurisdiction over an appeal of the judgment). Equitable vacatur, intended as a remedy when an appeal itself is moot, is therefore unavailable. We instead review the sanctions award on its merits.[4] Our holding comports with Clark and Kleiner, which recognized that although compensatory sanctions may be bargained away by the parties, the court's right to sanction parties for misconduct remains. Clark, 972 F.2d at 819; Kleiner, 751 F.2d at 1199-200.

We also are in harmony with the Eighth Circuit's decision in Perkins, which emphasized that parties generally cannot bargain away the court's right to impose sanctions. 965 F.2d at 600. In that case, the district court imposed sanctions against Perkins and her lawyer for various abuses during trial and

---

[4] We note that this approach differs from the reasoning of other circuits, where courts have declined to take appellate jurisdiction to review a sanctions order merely for its reputational effects. See Clark, 972 F.2d at 820 ("[A]n attorney may not appeal from an order that finds misconduct but does not result in monetary liability, despite the potential reputational effects."); Riverhead Sav. Bank v. Nat'l Mortgage Equity Corp., 893 F.2d 1109, 1112 (9th Cir. 1990) (holding that the court lacked appellate jurisdiction where a settlement released all claims for sanctions awards, and implicitly rejecting the sanctioned party's argument that it still had an interest in appealing the sanctions merely because of the sanctions' reputational effect). To the extent that those opinions conflict with Walker, we follow our own precedent.

discovery, but the court set a later hearing date to determine the sanctions amount. Id. at 598. Before that hearing, the parties settled, and General Motors joined Perkins and her lawyer in asking the district court to lift its sanctions order. Id. The district court refused to do so. Id. Nevertheless, in fashioning its final sanctions order, the district court—in light of GM's agreement not to collect any monetary sanctions—declined to impose any monetary penalty. Id. at 599-600. Perkins and her lawyer appealed. The appellate court concluded that "[a]ppellants are entitled to bargain with adversaries to drop a motion for sanctions, but they cannot unilaterally bargain away the court's discretion in imposing sanctions and the public's interest in ensuring compliance with the rules of procedure." Id. at 600. Thus, although the district court declined to impose monetary sanctions, the appellate court recognized a district court's ability to impose sanctions despite a prior settlement. While the Perkins court imposed sanctions despite a settlement, it did not compel the sanctioned party to pay attorneys' fees. Unlike the court in Perkins, the district judge in the instant case ignored both parties' requests for the court to decline to impose attorneys' fees.

Our holding preserves the right of parties to bargain away sanctions designed to compensate the parties themselves, such as the attorneys' fee award in this case. On the other hand, we recognize that district courts retain the ability to police their own rules through various punitive sanctions mechanisms, including issuing written opinions that describe attorney misconduct. Such admonitions play an important role in discouraging bad behavior by litigators, and where a district court has reviewed a case of misconduct and issued a well reasoned sanctions order, we should not allow a subsequent settlement to erase that language.

B.     Merits

Although we vacate the monetary portion of the sanctions award, we consider whether to vacate the district court's sanctions order in its entirety because of the reputational effects that order might have on the Fleming Plaintiffs' counsel. See Walker, 129 F.3d at 832-33. This court reviews a district court's imposition of sanctions for abuse of discretion. Goldin, 166 F.3d at 722. "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court." Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc., 284 F.3d 575, 578 (5th Cir. 2002) (internal quotation marks omitted).

The district court cited no legal authority for its imposition of sanctions. Thus, the parties are left to argue the appropriateness of sanctions under various possible provisions. Because the timing of the changes to the report was of key concern to the district court, we look to Federal Rule of Civil Procedure 16(f), which permits sanctions "[i]f a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f).

The district court's discovery order compelled the parties to submit expert reports by June 1, 2006. The Fleming Plaintiffs filed Verschoor's revised expert report in September, without any explanation for the delay. The district court noted that changes to the report's table of contents were made "shortly before the scheduled deposition . . . without prior notice to the defense lawyers," and that the last minute disclosure "calls into question the motives of counsel for the Fleming plaintiffs." The district court also emphasized that the late disclosure of these changes forced the Outside Directors to expend additional costs: "Such expense could have been easily avoided, and the ease of avoiding that expense calls into question the motives of counsel for the Fleming plaintiffs in making the changes to the table of contents in the time frame those changes were made,

and without prior explanation to defense counsel." (emphasis added). Thus, we find that the district court did not abuse its discretion under Rule 16.[5]

## III. CONCLUSION

Finding the issue of monetary sanctions moot, we vacate the portion of the district court's sanctions order to the extent that it made an award of attorneys' fees. Nevertheless, we decline to vacate the district court's sanctions order in its entirety because the court did not abuse its discretion when it issued its original sanctions order. As this inconsequential case has already consumed too many judicial resources, we see no reason to remand to the district court.

VACATED in part and AFFIRMED in part.

---

[5] Because we conclude that the sanctions were justified under Rule 16, we need not consider the Outside Directors' alternative arguments that the sanctions were proper under Federal Rule of Civil Procedure 37, 28 U.S.C. § 1927, or the district court's inherent power.