Roy E. ERWIN; Ruth Ilene Erwin Roberts; Ted Booher; Elizabeth Ann McKinney, as attorney-in-fact for Mary M. Lunsford, Todd Reynolds; Clifton Muzyka; Carol Fitzpatrick; Phillip Krumnow, Jr., as representative of the Estate of Phillip Krumnow, Sr., Krumnow Family Trust, and Phil Krumnow, Inc. Employee Pension Trust; Raymond F. Martine; Timothy R. Stone; Lucinda R. Warnstaff; Brenda Tunnell; Brian Moore; Madeline Moore; Cindy Nichols, individually and as next friend of J.H.; Cassandra Butler; Alan Eppers; Cheryl Maxwell; Wayne Maxwell; Jimmy Czajkowski; Estella Scott; Nancy Erickson; Janna Gossen, Plaintiffs–Appellants

v.

Bryan F. RUSS, Jr.; James H. McCullough; Nestor Leamon; Palmos, Russ, McCullough & Russ, L.L.P.; L.K. & P., Ltd.; Oaks & Diamonds, L.L.C.; Velnon, L.L.C.; Deminimus Management, L.L.C.; Flare Royalties General Partner; Flare Royalties, L.P.; Leor Energy LP; Encana Oil & Gas (USA), Incorporated; Hearne Business Park, L.L.C.; Rodrick Jackson; Blue Water Systems, L.P.; Karen Box; Stephen Boykin; Marc Catalina; Joe Davis; First Star Bank of Bremond; Guaranty Title of Robertson County, Incorporated; Dona E. Harris, Macru, L.L.C.; Bettie Mendenhall; Dick Milstead; Shirley Bielamowicz; Tim Moore; Tracey Moore; Catherine Motley; Michael Muzyka; Jerry Wayne Nichols; Bryan F. Russ, III; Kenneth Swick; Michael Werlinger; Heather Wheeler; Nora Cora Withem; Gerald Yezak; Amy Zachmeyer, Jerry Baxter; Molly Hedrick, Hollie Elliott, Defendants–Appellees.

No. 10–51125.

United States Court of Appeals, Fifth Circuit.

June 1, 2012.

Ty Clevenger, Youngkin & Burns, P.L.L.C., Bryan, TX, for Plaintiffs–Appellants.

Frederick Deb Bostwick, III, Melissa Waden Wray, Beard Kultgen Brophy Bostwick Dickson & Squires, L.L.P., Clyde Vance Dunnam, Dunnam & Dunnam, David Glenn Tekell, Esq., Tekell & Atkins, L.L.P., Angus Earl McSwain, Esq., Fulbright Winniford, P.C., Derrel Joe Luce, Law Office of Derrel Luce, Waco, TX, Stuart Charles Hollimon, Esq., Kelly Spragins Sandill, Esq., Andrews Kurth, L.L.P., William S. Helfand, Charles Teilhard Jeremiah, Esq., Chamberlain, Hrdlicka, White, Williams & Aughtry, Paul J. McConnell, III, Esq., De Lange Hudspeth McConnell & Tibbets, L.L.P., Larkin C. Eakin, Jr., Beirne, Maynard & Parsons, L.L.P., Houston, TX, Drew L. Harris, Assistant Attorney General, Yvonne Denise Bennett, Allison Virginia Eberhart, Office of the Attorney General, Paul M. Terrill, III, Esq., Geoffrey P. Kirshbaum, Terrill Firm, Austin, TX, Julee Morgan Driscoll, Esq., Kenneth Raymond Valka, Esq., Baird, Crews, Schiller & Whitaker, P.C.,

Bruce Burleson, Scott & White Memorial Hospital, Temple, TX, Michael Leroy Atkinson, Atkinson & Associates, P.C., Christopher A. Beck, Baker Beck, P.C., Conroe, TX, for Defendants–Appellees.

Before HIGGINBOTHAM, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Erwin, along with twenty-three other plaintiffs (collectively the "Plaintiffs") sued Bryan F. Russ, Jr. and fifty-three other defendants (collectively the "Defendants") for their roles in an alleged grand conspiracy involving a Texas state judge and Russ' law firm ("The Firm") that, according to the complaint, taints all litigation associated with Russ' law firm or filed in Robertson County Court. The district court granted each defendant's motion to dismiss, denied the Plaintiffs' motion to amend, and awarded sanctions and attorney's fees against the Plaintiffs. We AFFIRM the ruling of the district court.

## BACKGROUND AND PROCEEDINGS BELOW

The Plaintiffs' central theme is that Russ and James H. McCullough have conspired with Judge Robert M. Stem of the 82nd District Court of Texas to undermine the judicial process in Robertson County, Texas. The Plaintiffs allege that this grand conspiracy resulted in The Firm consistently winning cases brought before Judge Stem. As a result, The Firm has obtained victories for its clients, stolen both real and personal property belonging to former clients and non-clients, assisted in the extortion of money from those seeking to do business with its clients, assisted their clients in stealing custody of children, and even removed individuals from local government.

This broad and conclusory initial complaint was filed in the Western District of Texas, after which the same case was filed in the Southern District of Texas naming additional defendants. The latter case was transferred and consolidated with the original case in the Western District. The case was initiated in May 2009, and from July 2010 to October 2010 the district court granted motions to dismiss all defendants. The district court denied the Plaintiffs' motion to amend their complaint when it dismissed the Defendants. In March 2011, the district court granted motions for attorney's fees and sanctions against the Plaintiffs. The district court ordered various plaintiffs and their attorney, Ty Clevenger, to pay $25,000 to the approximately twenty-four defendants who sought attorney's fees. The Plaintiffs appeal the dismissal of their claims, the refusal to permit amendments, and the award of attorney's fees.

## STANDARD OF REVIEW

This court reviews a district court's grant of a motion to dismiss *de novo*. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir.2012). The district court's decision whether to grant leave to amend is reviewed for abuse of discretion. *Newby v. Enron Corp. (In re Enron Corp. Secs.)*, 535 F.3d 325, 333 n. 6 (5th Cir.2008). "This court reviews a district court's imposition of sanctions for abuse of discretion." *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 641 (5th Cir.2008); *Procter &*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir.2002); *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir.1999).

### DISCUSSION

1. Pleadings

■ The Plaintiffs claim that the district court should not have dismissed their pleadings based on *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Defendants contend the conclusory allegations in the complaint were insufficient to meet the *Iqbal* and *Twombly* pleading standards.

*Iqbal* and *Twombly* are based on two principles:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937 (internal citations omitted).

While they certainly permit the court to infer the possibility of misconduct, the sweeping and conclusory allegations in the pleadings do not show the Plaintiffs are entitled to relief. *See id.* Because the allegations cannot state a claim for which relief could be granted, we affirm the ruling of the district court.

2. Leave to Amend

■ The Plaintiffs claim the district court abused its discretion by refusing to permit amendments to the pleadings following dismissal of Defendants. They allege that, despite filing three separate pleadings over one year prior to any further requests to amend the pleadings, the district court had no reason to reject amendments to the complaint. The Defendants argue that the requests to amend were improper and that the district court did not abuse its discretion in refusing a "fourth bite at the apple" beyond the three complaints already filed.

This court has held that a party requesting leave to amend pleadings must "set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 387 (5th Cir.2003). The Plaintiffs' request to amend was an aside in their various responses to motions to dismiss. There is nothing in the record or the briefs to indicate what the amendments would have included to remedy the deficiencies in the pleadings. The only justification for amendments given by the Plaintiffs was to make the pleadings more specific *if* the court believed the originals failed the *Iqbal–Twombly* test.

While the Plaintiffs attempt to argue they were "never" given the opportunity to amend the pleadings, they filed three

pleadings more than one year before requesting leave to amend. Any request to amend could have been made much sooner, but was not, and the district court could properly deny leave to amend for undue delay. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir.2010). The district court did not abuse its discretion in refusing to permit a fourth amendment to cure deficiencies in the first three complaints.

### 3. Sanctions

■ The district court awarded $25,000 in sanctions and attorney's fees based on 42 U.S.C. § 1988(b), 28 U.S.C. § 1927, and Rule 11.[1] Plaintiffs claim that the sanctions and fees could not have been proper under § 1988, which permits winning parties under § 1983 to collect attorney's fees, because § 1983 only purports to provide attorney's fees to successful plaintiffs. They argue the sanctions and fees imposed on attorneys under § 1927 may only be imposed with prior notice to the attorney. Finally, they contend, citing to out-of-circuit authority, that the court may not grant Rule 11 sanctions *sua sponte.*

The Supreme Court has permitted attorney's fees to defendants in § 1983 cases for frivolous claims. *Fox v. Vice*, —— U.S. ——, 131 S.Ct. 2205, 2213, 180 L.Ed.2d 45 (2011). This court has permitted sanctions against an attorney under § 1927 for "the persistent prosecution of a meritless claim" so long as "the entire financial burden of an action's defense" was not shifted. *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir.1991) (citations omitted). Given the filing of this lawsuit in two jurisdictions, the expansion of the suit to parties well outside the alleged main conspiracy, and the district court's finding that "no responsible attorney would have included the baseless claims raised in these law-

suits," the district court did not abuse its discretion.

Finally, Rule 11 permits sanctions when attorneys unreasonably pursue frivolous or groundless suits. The district court identified the sanctionable conduct:

> [A]ll Plaintiffs' RICO claims were frivolous because they failed to identify a RICO enterprise and they failed to identify specific actions which constitute a pattern of racketeering activity. All Plaintiffs' § 1983 and state conspiracy claims were frivolous.... the majority of the claims asserted by Plaintiffs are barred by limitations.... adding in a variety of unrelated plaintiffs with unrelated claims, such as child custody disputes and false arrest charges, clearly shows that Plaintiffs' attorney multiplied the proceedings 'unreasonabl[y] and vexatiously' to the extent that costs and attorneys' fees were incurred by the Defendants.

By finding that every claim should be dismissed, identifying the multitude of superfluous defendants, and pointing to the filing of this suit in multiple district courts, the district court justified its imposition of sanctions. The Plaintiffs and their attorney opened themselves up to the possibility that they would be forced to pay attorney's fees and sanctions by filing frivolous claims against parties only tangentially related to the alleged conspiracy. The district court did not abuse its discretion in awarding $25,000 in fees and sanctions.

### CONCLUSION

For the foregoing reasons, we AFFIRM the ruling of the district court.

---

1. Blue Water Systems, one of the defendants, submitted an affidavit substantiating over $34,000 in attorney's fees and expenses incurred in the litigation.