# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2020

Lyle W. Cayce
Clerk

No. 19-40437

BIMAL K. BANIK,

      Plaintiff - Appellant

KATIE PEARSON KLEIN; WILLIAM D. MOUNT; ELIZABETH F. TURCO; DALE & KLEIN, L.L.P.,

      Appellants

v.

AMANDA YBARRA,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CV-462

Before KING, COSTA, and HO, Circuit Judges.

GREGG COSTA, Circuit Judge:[*]

      Federal Rule of Civil Procedure 60(b)(5) allows a party to seek vacatur of a judgment that "has been satisfied, released, or discharged."  We decide

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40437

whether that rule requires a district court to vacate a judgment imposing sanctions when the parties reach a postjudgment settlement.

## I.

The sanctions were imposed in a lawsuit brought by Bimal Banik, a former chemistry professor at the University of Texas-Pan American. After he was fired, Banik sued individuals he blamed for his termination. One of the defendants was his former student Amanda Ybarra.

After years of contentious litigation, the district court granted Ybarra's motion to dismiss under the Texas Citizens Participation Act.[1] TEX. CIV. PRAC. & REM. CODE §§ 27.001–27.011. The court awarded Ybarra about $117,000 in attorneys' fees and costs. It also imposed $15,000 in sanctions against Banik under the Texas Citizens Participation Act, *id.*, and roughly $20,000 in sanctions against Banik's attorneys under 28 U.S.C. § 1927.

While an appeal of those rulings was pending, the parties settled. The parties then filed a "Joint Motion for Relief from Judgment" under Federal Rule of Civil Procedure 60(b)(5). The district court treated the motion as timely but denied relief. The district court reasoned that although parties may settle claims, they may not agree to erase a sanction that is part of the judgment.

## II.

Rule 60(b)(5) permits a party to seek relief from a judgment that "has been satisfied, released, or discharged." We review a district court's denial of a Rule 60(b)(5) motion for abuse of discretion but review its underlying legal conclusions de novo. *Frew v. Janek*, 780 F.3d 320, 326 (5th Cir. 2015).

---

[1] We recently held that the Texas Citizens Participation Act does not apply in federal court. *Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019). But the district court entered judgment against Banik before we decided *Klocke*. Banik does not seek to vacate under *Klocke*, which makes sense as postjudgment changes in the law are usually not a basis for disturbing a final judgment. *See Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019).

2

No. 19-40437

Parties rarely invoke the "satisfied, released, or discharged" clause of Rule 60(b)(5). 11 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2863 (3d ed. 2019). Courts have applied the Rule when parties cannot agree on filing a satisfaction of judgment "due to an ongoing dispute over the judgment amount." 21A FEDERAL PROCEDURE, LAWYER'S EDITION § 51:154 (citing *Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007)); *see also Zelaya/Capital Int'l Judgment LLC v. Zelaya*, 769 F.3d 1296, 1304 (11th Cir. 2014). Other uses of the Rule include applying various credits against a judgment, *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276−78 (11th Cir. 2008); *Sunderland v. City of Philadelphia*, 575 F.2d 1089, 1090−91 (3d Cir. 1978), or reducing judgments based on amounts paid prejudgment but not discovered until after the judgment issued, *see Johnson Waste Materials v. Marshall*, 611 F.2d 593, 594−95 (5th Cir. 1980); *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 698−99 (5th Cir. 1955).

The parties' joint motion to vacate fits into another category: requests to vacate a judgment based on settlements that occur while a judgment is being appealed. The Supreme Court has recognized that a court has discretion to vacate its rulings based on postjudgment settlements. *See U.S. Bancorp Mortg. Co. v. Bonner Mapp P'ship*, 513 U.S. 18, 28−29 (1994) (addressing an appellate court's authority to vacate its prior judgment but noting similar relief is available in the district court via Rule 60); Wright & Miller, *supra*, § 2863 ("[I]t now appears that Rule 60(b) may be utilized to seek the vacation of a judgment on the ground that the case has been settled so that it would not be equitable to have it remain in effect."). In recognizing that equitable authority, however, the Supreme Court stressed that it should be used in "exceptional circumstances." *U.S. Bancorp*, 513 U.S. at 29.

Of course, parties do not usually need court approval to settle while a case is on appeal. The winning party can eliminate the risk of appeal by

3

agreeing to accept a reduced award from the losing party. That includes the ability to settle the monetary portion of sanctions that a district court requires one party to pay another (as opposed to sanctions owed to a court, which cannot be settled). *See Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 639–40 (5th Cir. 2008). When parties agree to settle the monetary aspects of a judgment, they need not seek to vacate under Rule 60(b)(5) because the release prevents any future attempts to enforce the judgment. That is likely why such requests are hard to find in the case reporters.

The parties here nonetheless sought to eliminate the monetary aspects of the judgment based on their agreement. The "release" language in Rule 60(b)(5) seems to support such requests. And as we have discussed, *U.S. Bancorp* recognizes that district courts have authority to grant such relief based on postjudgment settlements. Because the district court did not recognize that Rule 60(b)(5) gives it that authority, we will remand for it to consider vacating the monetary portions of the judgment.

But Banik and his attorneys seek more than just erasing the monetary aspects of the judgment. While the postjudgment settlement already takes them off the hook for the financial obligations, it does not eliminate the court record of sanctions. So they also seek to erase any mention of sanctions in the final judgment.

On this issue, we affirm the district court. It acted within its discretion in refusing to wipe away the sanctions ruling. 21A FEDERAL PROCEDURE, LAWYER'S EDITION, *supra*, § 51:154 ("[R]elief has been denied where the disputed prejudgment payments did not constitute a satisfaction of the claim but rather a court-imposed sanction." (citing *Gibbs v. Maxwell House*, 738 F.2d 1153 (11th Cir. 1984)). Sanctions, even compensatory ones awarded to the opposing party rather than punitive ones payable to the court, serve a greater purpose than transferring money. They deter litigants and their attorneys

from engaging in wrongful conduct, and the record of those sanctions may be useful to later courts considering sanctions against the same actors or to bar disciplinary committees looking at the history of a lawyer's conduct.   Because sanctions "play an important role in discouraging bad behavior by litigators . . . , we should not allow a subsequent settlement to erase that language." *Fleming*, 529 F.3d at 641 (holding that district court did not have to vacate the sanctions ruling itself even though it should have vacated the monetary portion of the sanctions award based on a prejudgment settlement); *see also Keller v. Mobil Corp.*, 55 F.3d 94, 99 (2d Cir. 1995) (noting that a district court can preserve already-imposed 28 U.S.C. § 1927 sanctions payable to another party after a settlement).

The order denying Rule 60(b)(5) relief is AFFIRMED in part and VACATED and REMANDED in part.   The sanctions order in Paragraphs 4 and 5 of the judgment will remain.   On remand, the district court will consider whether to vacate Paragraphs 2 and 3 of the judgment, which awarded fees, costs, and expenses that were resolved by settlement during the appeal.