Opinion by Judge TASHIMA; Dissent by Judge BEA.
OPINION
TASHIMA, Circuit Judge:
West Coast Seafood Processors Association (“WCSPA”) appeals from the district court’s denial of its motion to intervene as *703 a defendant in this case, in which the Natural Resources Defense Council, Inc., and Pacific Marine Conservation Council, Inc. (together, “NRDC”) challenged the National Marine Fisheries Service’s (“NMFS”) program to preserve groundfish species off the coast of California, Oregon, and Washington. Because the litigation between NRDC and NMFS has ended, we dismiss WCSPA’s appeal as moot.
I.
Exercising its authority under the Magnuson-Stevens Act, 16 U.S.C. § 1801 et. seq., NMFS uses two primary and interrelated tools to regulate Pacific groundfish fisheries: (1) the Pacific Coast Groundfish Fishery Management Plan (“Groundfish Plan”), established in 1982 and amended periodically since, which sets forth procedures for assessing the health of groundfish populations and for formulating preservation measures; and (2) annual or biennial “specifications and management measures” (“Specifications”), which set quotas on the catch for each overfished species and impose restrictions on the methods used to catch such species.
II.
This case was already eight years old when WCSPA sought to intervene, both as of right and permissively, but in one sense the case was brand new. NRDC originally filed the case as a challenge to Amendment 12 of the Groundfish Plan, which governs the development of rebuilding plans for overfished species. WCSPA began to participate as an amicus in late 2002, but it did not move to intervene. Between 2004 and 2007, NRDC amended its complaint four times, each time to add a challenge to a new amendment to the Groundfish Plan. WCSPA moved to intervene in anticipation of the Fourth Amended Complaint, but the presiding Magistrate Judge denied the motion as untimely, and WCSPA did not appeal.
In 2009, NRDC changed the nature of the case by filing a Fifth Amended Complaint that added a challenge to NMFS’ 2009-10 Specifications. Whereas previously the case had concerned only the Groundfish Plan, the Fifth Amended Complaint brought in an attack on NMFS’ other major regulatory mechanism, the Specifications that set fishing quotas.[1] In the past, NRDC had challenged the Specifications in separate actions. Between 2002 and 2005, it filed separate actions challenging the annual Specifications for 2002, 2003, and 2004, and the biennial Specifications for 2005-06. WCSPA successfully intervened in all four actions, thereby demonstrating a strong interest in fully participating in litigation concerning the Specifications. Predictably, WCSPA also moved to intervene in this case two days after NRDC filed its challenge to the 2009-10 Specifications in its Fifth Amended Complaint. But the Magistrate Judge[2] denied the motion as untimely because of the age of the litigation. On appeal, WCSPA argues that the Magistrate Judge erred by basing his decision on the age of the litigation (eight years) rather than the time that had elapsed between the filing of *704 the Fifth Amended Complaint and the motion to intervene (two days).
While this appeal was pending, however, the underlying litigation — the dispute between NRDC and NMFS — fully ran its course. On the parties’ cross-motions for summary judgment, the Magistrate Judge held that the Specifications for three species violated the Magnuson-Stevens Act, but that the Specifications for four other species did not. In an Order on Remedy, filed April 29, 2010 — six weeks before we heard oral argument on this appeal — the Magistrate Judge directed NMFS to establish new Specifications within one year and retained jurisdiction to ensure the agency’s compliance. Although NMFS filed á notice of appeal from the Order on Remedy, it voluntarily dismissed that appeal before briefing by either party. The Magistrate Judge entered final judgment on May 5, 2011.
III.
An appeal is moot if there exists no “ ‘present controversy as to which effective relief can be granted.’ ” Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir.2007) (quoting Vill. of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir.1993)). WCSPA appeals from the denial of its motion to intervene in a case that the district court has since decided, through the Order on Remedy and the subsequent final judgment, from which neither party has appealed. Because the underlying litigation is over, we cannot grant WCSPA any “effective relief’ by allowing it to intervene now. The appeal is therefore moot. See United States v. Ford, 650 F.2d 1141, 1143 (9th Cir.1981) (dismissing as moot an appeal of a denial of a motion to intervene where the underlying litigation was voluntarily dismissed) (“Since there is no longer any action in which appellants can intervene, judicial consideration of the [intervention] question would be fruitless.”); cf. Canatella v. California, 404 F.3d 1106, 1109 n. 1 (9th Cir. 2005) (holding that entry of judgment in the underlying litigation does not moot an appeal from a denial of a motion to intervene, if one of the parties keeps the underlying litigation live by pursuing an appeal).
The “capable of repetition, yet evading review” exception to mootness does not apply. That exception applies only in “extraordinary cases.” Doe v. Madison Sch. Dist. No. 321, 177 F.3d 789, 798 (9th Cir.1999) (en banc). Although it might apply to an appeal of the underlying litigation about the biennial Specifications, it does not apply to WCSPA’s appeal of the denial of its motion to intervene.
First, the “capable of repetition” prong of the exception requires a “reasonable expectation” that the same party will confront the same controversy again. Feldman v. Bomar, 518 F.3d 637, 644 (9th Cir.2008). On this appeal, the controversy is whether WCSPA’s motion to intervene was timely. Unique circumstances produced this controversy. For eight years, NRDC maintained an action challenging amendments to the Groundfish Plan, a subject that did not prompt WCSPA to intervene, at least not for the first six years of the case. NRDC then amended its complaint to add an attack on the 2009-10 Specifications, a subject that WCSPA did consider intervention-worthy. The district court denied the motion to intervene as untimely because of the age of the litigation. WCSPA disagrees and argues that the motion came in timely response to the Fifth Amended Complaint. It is not reasonable to expect that this dispute about timeliness will arise again. The hybrid Groundfish Plan/Specifications litigation is over. Although NRDC will likely challenge future Specifications and WCSPA will likely file future motions to *705 intervene, the timeliness issue, which is the subject of this appeal, will not likely reappear (as it did not appear in any of the other cases in which the NRDC challenged earlier Specifications and in which WCSPA successfully intervened), unless the same unlikely, hybrid scenario develops again over the next decade. Such a speculative possibility does not constitute a “reasonable expectation.” See Sze v. INS, 153 F.3d 1005, 1009 (9th Cir.1998); Luckie v. EPA, 752 F.2d 454, 458 (9th Cir.1985).
Second, the intervention issue does not “evade review.” A controversy evades review only if it is “ ‘inherently limited in duration such that it is likely always to become moot before federal court litigation is completed.’ ” Ctr. for Biological Diversity v. Lohn, 511 F.3d 960, 965 (9th Cir.2007) (quoting Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir.1994)). With respect to this inquiry, one must not conflate the issue in the underlying litigation — whether the 2009-10 Specifications are valid — with the controversy in this appeal over WCSPA’s motion to intervene. The controversy over the 2009-10 Specifications does evade review, because the Specifications are biennial. See Alaska Ctr. for the Env’t v. U.S. Forest Serv., 189 F.3d 851, 855 (9th Cir.1999) (two-year permit evades review); see also Evans, 316 F.3d at 911 (one-year NMFS specifications “evade review”). But the mootness vel non of the controversy over WCSPA’s right to intervene depends on the duration of the underlying litigation, not on the duration of the Specifications. See Canatella, 404 F.3d at 1109 n. 1. Therefore, the intervention controversy does not evade review because, by virtue of the very fact that the underlying dispute satisfies the mootness exception and could continue well past the two-year Specifications period, the intervention dispute is not “inherently limited in duration” nor “likely always to become moot.” Lohn, 511 F.3d at 965. Had NMFS not voluntarily dismissed its appeal, the underlying case would have remained alive, and we could have granted WCSPA effective relief by allowing it to intervene. See Canatella, 404 F.3d at 1109 n. 1. The intervention controversy avoids review here only because NMFS acquiesced in the court-ordered remedy by dismissing its appeal, not because the controversy is “inherently limited in duration.” Therefore, the exception does not apply. See Lohn, 511 F.3d at 965.[3]
IV.
In sum, these appeals are moot and no exception to mootness can revive them. Accordingly, these appeals are
DISMISSED.

. At its inception, this case was consolidated with a separate case that challenged the 2001 Specifications, but that separate case was dismissed after we resolved the challenge to the 2001 Specifications on appeal in 2003. See Natural Res. Def. Council, Inc. v. Evans, 316 F.3d 904 (9th Cir.2003).

. All parties consented under 28 U.S.C. § 636(c)(1) to a Magistrate Judge entering judgment in the case.

. The dissent contends that WCSPA “has at most two years to challenge the denial of its motion to intervene before its challenge becomes moot.” Dissent at 707. This statement conflates the underlying litigation with WCSPA’s appeal. Because the Specifications are biennial, under mootness principles NRDC would have but two years to challenge them. That is not enough time; therefore, the exception applies. See Evans, 316 F.3d at 911. And because the exception applies, the underlying litigation could endure longer than two years — indeed, had NMFS not voluntarily dismissed its appeal, the litigation would still be ongoing now, despite the expiration of the Specifications. Because a remedy existed on WCSPA's motion to intervene for as long as the underlying litigation endured, and because the duration of the underlying litigation had no inherent limit (as its ten-year life span attests), the intervention controversy does not "evade review” under our case law. See Lohn, 511 F.3d at 965.