**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ERIC MWANGI; PAULINE MWICHARO, <br><br> Debtors, <br><hr><br> ERIC MWANGI, and PAULINE MWICHARO, <br><br> Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Appellee. | No. 14-15265 <br><br> D.C. No. 2:12-cv-00683-GMN-GWF <br><br> BK-S-09-24057-LED <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted October 17, 2014[**]

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellants Eric Mwangi and Pauline Mwicharo (collectively "the Debtors") appeal from a district court affirmance of the bankruptcy court's denial of their motion for sanctions. The facts and procedural posture of this case are known to the parties, and we do not repeat them here. In light of our decision in *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168 (9th Cir. 2014), we dismiss this appeal as moot.[1]

*Mwangi*, our prior decision, arose from the same set of facts as the instant case. There, the Debtors claimed that Wells Fargo violated 11 U.S.C. § 362(a)(3), the automatic stay provision of the Bankruptcy Code, when it placed an "administrative pledge" on the Debtors' bank accounts, effectively freezing the accounts and preventing the Debtors from accessing their funds. We held that the Debtors failed to allege any injury based on the operation of Wells Fargo's administrative pledge. *Id.* at 1177. We reasoned that "[f]rom the filing of the Chapter 7 bankruptcy petition . . . to the end of the thirty-day objections period . . . the Debtors had no right to possess or control the account funds." *Id.*

---

[1] In their letter brief, the Debtors state that they are "contemplating" filing a petition for a writ of certiorari in *Mwangi* and request that this Court stay this case until either the time for filing a petition for a writ of certiorari has run, or the Supreme Court renders a decision regarding any petition the Debtors choose to file. Treating this request as a motion for a stay, we deny the motion.

2

Moreover, after the thirty-day objections period closed, and the funds revested in the Debtors, the "funds lost their status as estate property" and therefore "were no longer subject to the protections of § 362(a)(3)'s automatic stay provision." *Id.* Accordingly, we concluded, Wells Fargo's administrative pledge could not cause injury to the Debtors during the objections period or after the funds revested in the Debtors. *Id.* We also concluded that Wells Fargo did not violate 11 U.S.C. § 542(b)'s turnover provision when it sought instructions from the trustee as to how it should proceed, rather than immediately turning the funds over to the Debtors. *Id.* at 1178–79. Finally, we concluded that the Debtors failed to state a claim under 11 U.S.C. § 105(a), which allows the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," because the Debtors failed to state a claim under any other provision of the Bankruptcy Code. *Id.* at 1179.

In this case, the Debtors claim several errors in the bankruptcy court's denial of their motion for sanctions. At the heart of their motion is the Debtors' claim that Wells Fargo violated § 362(a)(3) when it placed the administrative pledge on the Debtors' bank accounts. Each of the Debtors' claims is mooted by our decision in *Mwangi.*

First, the Debtors argue that the bankruptcy court erred in denying the debtors standing to enforce § 362(a)(3) and § 105(a). This claim is moot because *Mwangi* held that the debtors failed to state a claim under §§ 362(a)(3) and 105(a). *See W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) ("An appeal is moot if there exists no present controversy as to which effective relief can be granted." (internal quotation marks omitted)).

Second, the Debtors argue that even though the funds revested in the Debtors after the objections period closed, § 362(a)(3) continued to govern Wells Fargo's actions. Our prior opinion also moots this argument. We held in *Mwangi* that upon the revesting of the funds in the Debtors, the funds "lost their status as estate property" and were thus no longer subject to the protections of § 362(a)(3)'s automatic stay provision. *Mwangi*, 764 F.3d at 1177. Thus, we have already rejected the Debtors' claim that § 362(a)(3) continued to govern Wells Fargo's actions after the objections period ended.

Next, the Debtors claim that Wells Fargo violated the § 542(b) turnover provision by failing to lift the administrative pledge, and that its withholding of the funds for several months after the objections period closed was unreasonable. To the contrary, we held in *Mwangi* that Wells Fargo complied with the turnover

4

provision, and did not wrongfully withhold any estate property from the estate. *Id.* at 1178–79.

Finally, with respect to sanctions, the Debtors contend that the bankruptcy court erred in failing to find a causal link between Wells Fargo's actions and the Debtors' injury, failing to find that Wells Fargo acted willfully in violating § 362(a)(3), and denying damages. Each of these claims is moot because *Mwangi* held that the Debtors failed to state a claim of injury resulting from any violation of the automatic stay, the predicate for seeking damages under 11 U.S.C. § 362(k)(1). *See* § 362(k)(1) ("[A]n individual *injured* by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." (emphasis added)).

In sum, each of the Debtors' claims for relief is mooted by our decision in *Mwangi*. Accordingly, this appeal is

**DISMISSED.**