**HM ELECTRONICS, INC., a California corporation, Plaintiff,**

v.

**R.F. TECHNOLOGIES, INC., an Illinois corporation; and Babak Noorian, an individual, Defendants.**

Case No. 12–cv–2884–BAS–MDD

United States District Court, S.D. California.

Signed March 15, 2016

---

Callie A. Bjurstrom, Kathryn Ashley Nyce, Matthew Robert Stephens, Brian David Martin, Michelle Ann Herrera, Pillsbury Winthrop Shaw Pittman LLP, San Diego, CA, Kelly Wong Craven, Pillsbury Winthrop Shaw Pittman LLP, Los Angeles, CA, for Plaintiff.

Allan E. Anderson, David Grant Bayles, Stephen Gerard Larson, Arent Fox LLP, Thomas M. O'Leary, Brian C. Vanderhoof, LeClairRyan LLP, Los Angeles, CA, Mark C. Goldenberg, Goldenberg Heller Antognoli & Rowland, P.C., Edwardsville, IL, for Defendants.

## OPINION AND ORDER

Hon. Cynthia Bashant, United States District Judge

This matter comes before the Court on Defendants R.F. Technologies, Inc. ("RFT") and Babak Noorian's ("Noorian"), and non-parties LeClairRyan LLP and attorney Thomas O'Leary's ("O'Leary"), (collectively, "Sanctionees") separate motions objecting to Magistrate Judge Mitchell Dembin's August 7, 2015 order imposing sanctions against them for various discovery abuses. (ECF Nos. 422, 424.) Among other objections, Sanctionees argue that settlement of the underlying case has mooted the issue of costs and fees, rendering any award of compensatory sanctions improper. For the following reasons, the Court **GRANTS IN PART** Sanctionees' motions in objection (ECF Nos. 422, 424) and **VACATES AS MOOT** the imposition of compensatory sanctions (ECF No. 420).

## I. BACKGROUND

Plaintiff HM Electronics, Inc. ("HME") brought this now-settled action against Defendants RFT and Noorian (collectively, "RF Defendants") asserting claims for federal trademark and trade dress infringe-

ment, and related claims. (ECF No. 156.) HME designs, manufacturers, and sells digital drive-thru headsets and related products, while RFT specializes in the repair of such products. (*Id.*) Plaintiff alleges that RF Defendants engaged in a variety of deceptive marketing practices and violations of intellectual property law—including replacing HME components with RFT components during repair of HME headsets, removing original labeling from HME headsets repaired by RFT, and disseminating to customers a fabricated HME "Structural Failures Report"—to undercut HME's reputation and bolster RFT sales and market share. (*Id.* at 4–12.)

Almost immediately, a torrent of discovery disputes engulfed the litigation. By the time Magistrate Judge Dembin issued his August 7, 2015 order imposing sanctions ("August 7 Order" or "sanctions order"), previously assigned magistrate judges had held nine discovery conferences, entertained nine motions seeking contempt or sanctions, and considered several other motions seeking discovery-related relief. (ECF No. 420 ("Sanctions Order"), 5, 6.) Indeed, in a July 3, 2014 order, Magistrate Judge Jill Burkhardt found that RFT had violated portions of a discovery order issued earlier that year and granted HME's request for monetary sanctions under Rule 37. (ECF No. 185.)

On February 10, 2015, HME again moved for sanctions under Rule 37, this time against both RFT and Noorian. (ECF No. 288.) Five months later, on July 24, 2015, Judge Dembin issued an order setting oral argument on HME's motion, and notified the parties that the Court was also considering sanctions against Defendants and their attorneys under Rule 26(g) for improper certifications of discovery responses. (ECF No. 414.) The hearing was set for August 5, 2015. *Id.* On August 3, 2015, two days before the hearing, HME and the RF Defendants

("the parties") filed a joint notice of settlement and requested the Court vacate the proceedings then on calendar, including the hearing on HME's motion for sanctions. (ECF No. 416.) Judge Dembin vacated an upcoming hearing on motions in limine set for August 10, 2015, and the trial date set for August 18, 2015, but did not vacate the hearing on sanctions. (ECF No. 417.)

At the outset of the August 5 hearing, HME's counsel remarked to Judge Dembin that "We had actually taken—asked to vacate our sanctions motion as part of the settlement of the case, so I, you know, wanted to let the Court know that." (ECF No. 421, 6:19–21.) Judge Dembin responded that it was not clear that HME was withdrawing its motion for sanctions (as opposed to requesting vacatur of the hearing), and that regardless, the Court's own motion for sanctions under Rule 26 outlived settlement and dismissal of the case. (*Id.* 6:22–7:7.)

On August 7, 2015, two days after the hearing, Judge Dembin issued a written order finding that RFT, LeClairRyan LLP, and attorney Thomas O'Leary had failed to obey operative discovery orders in violation of Rule 37, and that RF Defendants and attorney O'Leary had improperly certified discovery responses in violation of Rule 26(g)(3). (Sanctions Order, 68:14–18.) Specific sanctionable conduct found by Judge Dembin included: a failure by LeClairRyan and attorney O'Leary to design and implement a litigation hold to preserve relevant documents; Defendant Noorian's apparent instruction to RFT officers to destroy copies of pictures that RFT used in the fabricated "Structural Failures Report"; and the failure of RFT, LeClairRyan, and O'Leary to produce hundreds of thousands of pages of electronically stored information ("ESI") due to a lack of effective supervision of their ESI

vendor. (*Id.* 2–3.) Judge Dembin awarded HME "compensatory sanctions in the form of all attorneys' fees and costs incurred by Plaintiff in seeking discovery from Defendants" from the date of the first improperly certified discovery response (October 18, 2013) to the date of the order (August 7, 2015). (*Id.* 68:22–69:3.) Judge Dembin also instructed HME to submit a motion for attorney's fees and costs to be used by the Court in determining the amount of sanctions awarded. HME subsequently moved for approximately $1.3 million in attorney's fees and more than $49,000 in costs. (ECF No. 423.)

Sanctionees timely objected to the August 7 Order. (ECF Nos. 422, 424.) Meanwhile, the parties by September 2015 finalized the settlement agreement that had prompted their request to vacate the August 5 sanctions hearing. Among other things, the settlement agreement requires RFT to make a series of payments to HME; provides for an entry of permanent injunction against RFT and Noorian;[1] and includes a mutual release of claims, including "any and all" claims to compensatory costs and fees. (ECF No. 452, Exh. A ("Agreement") ¶¶ 2, 3, 6.) On February 17, 2016, the parties voluntarily dismissed the case. (ECF No. 449.)

The Sanctionees object to the August 7 Order on a number of grounds, including that they were denied adequate procedural due process before Judge Dembin imposed sanctions; that the evidence before Judge Dembin did not justify the imposition of sanctions; and that the settlement between the parties has mooted the issue of sanctions. (ECF Nos. 422, 424.) The Court finds Sanctionees' mootness objection dispositive. As such, the Court does not reach other objections presented or

determine the correctness of the magistrate's individual legal and factual findings. *See W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.,* 643 F.3d 701 (9th Cir.2011) (declining to reach merits of the case because appeal was moot); *Griffin v. Davies,* 929 F.2d 550, 553 (10th Cir.1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute."); *Manning v. Upjohn Co.,* 862 F.2d 545, 547 (5th Cir.1989) ("Principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, we should resolve the case on that basis without reaching any other issues that might be presented.").

## II. LEGAL STANDARD

■■■ Sanctionees argue that Judge Dembin's imposition of sanctions pursuant to Rule 37 and Rule 26(g)(3) was mooted by the parties' settlement of the action. "Mootness is, of course, a threshold jurisdictional issue" that federal courts have an independent obligation to address. *Sea–Land Serv., Inc. v. International Longshoremen's & Warehousemen's Union,* 939 F.2d 866, 871 (9th Cir.1991); *see also S. Or. Barter Fair v. Jackson County, Oregon,* 372 F.3d 1128, 1133 n. 8 (9th Cir.2004) ("[M]ootness goes to the court's power to hear the case[] and therefore may be raised at any time by the parties, or even sua sponte by the court under its independent obligation to ensure that it has authority under Article III."). As such, this question is reviewed *de novo. See Sample v. Johnson,* 771 F.2d 1335, 1338 (9th Cir. 1985).

■■■ Article III of the Constitution restricts the exercise of the judicial power to "actual, ongoing cases or controversies." *Wolfson v. Brammer,* 616 F.3d 1045, 1053

---

**1.** The Court granted the parties' Joint Motion for Entry of Permanent Injunction on Febru-

ary 5, 2016. (ECF No. 447.)

(9th Cir.2010) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). Thus, "[t]o qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (internal quotation marks and citation omitted). A case or controversy becomes moot, and thus no longer suitable for adjudication, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

The focus of the mootness inquiry is whether the court can grant effective relief to a litigant seeking judicial decision in her favor. *See NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir.2007) (explaining that the test for mootness is whether the court can grant a litigant any effective relief in the event it decides the matter on the merits in the litigant's favor); *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir.1988) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."). If a court's determination of an issue presented will not "admit of a specific relief," *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (citations omitted), or cannot otherwise affect the rights of the litigants in the case before it, then the court lacks jurisdiction to decide the issue. *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir.2004) ("[A] case not moot at the outset can become moot because of a change in the fact situation underlying the dispute, making relief now pointless."); *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir.1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). Mootness doctrine thus ensures the federal courts properly restrict themselves to deciding cases and controversies capable of legal resolution, while avoiding improper declarations on abstract propositions of law. *See Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) ("[Federal courts] are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

## III. COMPENSATORY VERSUS PUNITIVE SANCTIONS

Sanctionees' objection that the parties' settlement has mooted the issue of sanctions is viable only if Judge Dembin imposed compensatory, as opposed to punitive, sanctions. This is because although parties may generally bargain away monetary sanctions meant to compensate the injured party, they may not settle punitive sanctions made payable to the court or non-monetary sanctions intended to vindicate the court's authority. *See Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631 (5th Cir.2008). Thus, the Court must determine as a preliminary matter whether the sanctions contemplated by the August 7 Order are compensatory or punitive.

Whether a sanction is compensatory or punitive turns on the character and purpose of the sanction. *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1252 (9th Cir.2016) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (citation omitted)). Although the line between the two is not

always clear, the general principles guiding the inquiry are well-established. *See Bagwell*, 512 U.S. at 827–28, 114 S.Ct. 2552. If the sanction is designed to compensate a litigant for losses incurred as a result of wrongs committed by an opposing party, the sanction is compensatory. *See Miller v. City of Los Angeles*, 661 F.3d 1024 (9th Cir.2011) (explaining that sanctions are compensatory when they are linked to the actual damage caused by the offending party's misconduct); *F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1143 (9th Cir.2001) (concluding that a $200,000 award was compensatory because it was intended to compensate the complaining party for losses sustained as a result of the contemnor's misconduct). By contrast, if the sanction primarily aims to vindicate the authority of the court by punishing the offending party, the sanction is punitive. *See, e.g., Bingman v. Ward*, 100 F.3d 653, 656 (9th Cir. 1996) (finding monetary fines punitive when fines were imposed to punish the contemnors and were made payable to the court). Generally, compensatory sanctions are paid to the complaining party, while punitive sanctions are made payable to the court. *See Miller*, 661 F.3d at 1029–30; *F.J. Hanshaw*, 244 F.3d at 1140–41.

■ Here, the Court finds that the sanctions imposed by Judge Dembin are compensatory. During the August 5 hearing, Judge Dembin repeatedly made clear that his focus in imposing sanctions was to compensate HME for the costs and fees incurred as a result of Sanctionees' discovery misconduct. (Hr'g Tr. 5:18–25, 7:20–23, 30:18–23.) In the August 7 Order following the hearing, Judge Dembin further noted that "Plaintiff has expended significant resources in compelling Defendants to comply with their discovery obligations" and that "Defendants and their attorneys have made no offer to voluntarily cover any of the Plaintiff's costs and fees that were necessitated by the discovery prob-

lems." (Sanctions Order, 64–65.) Judge Dembin concluded that the Court would award "compensatory sanctions that represent all reasonable fees and costs Plaintiff incurred in collecting discovery from Defendants" and explained that he would set the amount of the award after reviewing Plaintiff's motion for fees and costs. (Sanctions Order, 68:22–69:10.) Taken together, then, the record makes clear that the character and purpose of the sanctions imposed is to offset the expenses HME incurred as a result of Sanctionees' apparent misconduct. Thus, the sanctions are appropriately characterized as compensatory. *See Miller*, 661 F.3d at 1029 (holding that compensatory sanctions must be linked to the harm caused by the offending party); *B.K.B v. Maui Police Dep't*, 276 F.3d 1091, 1109 (9th Cir.2002) (upholding compensatory sanctions because "the amount imposed reflected its assessment of the actual harm incurred by Plaintiff"); *F.J. Hanshaw*, 244 F.3d at 1142 (concluding monetary sanctions were compensatory when intended to offset expenses incurred because of the offending party's misconduct).

## IV. DISCUSSION

Having determined that the sanctions at issue are compensatory, the Court turns now to Sanctionees' threshold objection that settlement of the case has mooted the issue of sanctions. In considering the mootness question, the Court must resolve two predicate issues, one legal and one factual. The legal issue is whether the law allows litigants to bargain away compensatory sanctions through settlement. The factual issue is whether, in this case, the parties did so. For the following reasons, the Court resolves both issues in the affirmative and concludes that the settlement has mooted the issue of compensatory sanctions.

## A. Parties May Bargain Away Compensatory Sanctions

 It is well-established that parties to litigation may bargain away sanctions designed to compensate the parties themselves. *See Fleming & Assocs. v. Newby & Tittle,* 529 F.3d 631 (5th Cir. 2008); *Bradley v. Am. Household Inc.,* 378 F.3d 373, 380 (4th Cir.2004); *Clark Equipment Co. v. Lift Parts Mfg. Co. Inc.,* 972 F.2d 817 (7th Cir.1992); *Riverhead Sav. Bank v. National Mortg. Equity Corp.,* 893 F.2d 1109 (9th Cir.1990); *Kleiner v. First Nat. Bank of Atlanta,* 751 F.2d 1193 (11th Cir.1985); *see also* David Scharf, Comment, *The Settled Sanction: Post–Settlement Appeal and Vacatur of Attorney Sanctions Payable to an Opponent,* 61 U. Chi. L. Rev 1627, 1627 (1994) ("If sanctions are payable to an opponent, rather than the court, a client can settle the case and all related sanctions."). The right to bargain away compensatory sanctions does not mean that litigants can, as a general principle, unilaterally bargain away the court's interest in enforcing compliance with the rules of procedure. *Perkins v. Gen. Motors Corp.,* 965 F.2d 597, 600 (8th Cir.1992). That interest, as courts have recognized, does not disappear simply because the parties have settled. *See id.* at 599. However, settlement of the underlying litigation can influence the type of sanction that ultimately survives a settlement. Put another way, although a court never relinquishes its interest in ensuring compliance with the rules of procedure, the range of sanctioning options available to a court to vindicate that interest may be circumscribed by the actions of the parties and settlement of the case. *See, e.g., Kleiner,* 751 F.2d at 1199–1200 (concluding that the litigants' settlement agreement mooted the issue of compensatory sanctions but did not moot the issue of punitive sanctions).

The Seventh Circuit in *Clark Equipment Co.,* 972 F.2d 817 (7th Cir.1992), addressed the apparent tension between the court's interest in enforcing compliance with the rules of procedure and the right of parties to bargain away a specific category of sanctions. In that case, while an appeal of monetary sanctions was pending, the parties reached a settlement agreement that took into account the sanctions. In recognizing the parties' right to bargain away the sanctions by settlement, the *Clark* court emphasized that such bargaining does not undermine a court's enforcement goals because the offending party still ultimately pays for the harm caused. The *Clark* court also noted that even as parties may bargain away compensatory sanctions, courts retain the authority to impose punitive or other sanctions. As the *Clark* court explained:

> We agree that a court's interest in having the rules of procedure obeyed never disappears. But that interest is not sufficient to keep a compensatory award alive for appeal after the parties have settled. A district court may sanction abusive behavior directly by imposing a punitive fine made payable to the court or by imposing non-monetary sanctions. These sanctions cannot be settled by the parties. Alternatively, however, the court may sanction the offending party by forcing him to compensate his opponent for the trouble he has caused. This second enforcement mechanism may be analogized to tort remedies, which also regulate behavior by compensating injured parties. Society at large has an interest in enforcing negligence rules, yet we allow tort plaintiffs to bargain away that interest by settling. *So too the beneficiary of a compensatory sanction may bargain away the court's interest in seeing its rules enforced.* And despite the way we have phrased our analogy, a settlement does not ·mean

that a sanction has been rendered ineffective—any more than a guilty plea indicates that the criminal laws are not being enforced.

*Clark*, 972 F.2d at 819 (emphasis added).

The Ninth Circuit in *Riverhead Savings Bank*, 893 F.2d 1109 (9th Cir.1990), also recognized the right of litigants to bargain away compensatory sanctions. In that case, the district court imposed compensatory sanctions against one party and its attorneys in the form of 75% of the attorney's fees and costs claimed by the appellee savings banks. The sanctionees appealed the award, and while the appeal was pending, the parties settled the action. The settlement included a release by the savings banks of all right or claim to any unpaid monetary sanctions awarded by the district court. *Id.* at 1112. The *Riverhead* court ultimately concluded that the parties had addressed and resolved the sanctions issue in their settlement, thus mooting the portion of the appeal concerning compensatory costs and fees. *Id.*

Under *Clark, Riverhead,* and related cases, then, compensatory sanctions may be bargained away, while punitive and other non-monetary sanctions may not. Here, Judge Dembin awarded compensatory sanctions to HME. Therefore, HME was permitted to bargain away those sanctions through settlement.

The Court now considers whether HME did, in fact, bargain away its right to compensatory sanctions in settling the underlying litigation.

## B. HME Bargained Away Its Right to Compensatory Sanctions

Pursuant to the settlement agreement, the RF Defendants agreed to an entry of permanent injunction against them; agreed to make a series of payments to HME; and agreed to a mutual release of claims. (Agreement, ¶¶ 2, 3, 6.) It is the release of claims ("Release")—specifically, HME's obligations under the Release—that forms the crux of Sanctionees' argument that compensatory sanctions were bargained away in the settlement.

The Release provides in relevant part:

**6. *Mutual Releases of Known and Unknown Claims***

**a. *Release by HME***

Subject to performance of this Agreement, and except for obligations arising under this Agreement and the Permanent Injunction ... HME [ ] hereby unconditionally releases, acquits and discharges RFT and its employees, officers, directors, [and] attorneys ... from any and all actions, causes of actions, claims, debts, disabilities, accounts, demands, damages, .claims for indemnification or contributions, costs, expenses or fees whatsoever, whether known or unknown, certain or speculative, asserted or unasserted, which concern the claims and allegations in this Action or the subject matter thereof, occurring prior to the effective date of this Agreement.

(Agreement ¶ 6.)[2]

█ Sanctionees argue that the Release demonstrates the parties resolved, through settlement, the issue of compensation sought for the alleged discovery misconduct. As RF Defendants frame the argument: "Plaintiff accounted for any alleged compensation required from the RF Defendants—including compensation sought in the sanctions motion—when it negotiated the settlement." (ECF No. 422, 2:1–3.) For their part, LeClairRyan and attorney O'Leary emphasize that "the settlement included a resolution of any entitlement to attorney fees." (ECF No. 424, 1:7–8.) After reviewing the record, the Court largely agrees with Sanctionees:

**2.** The effective date of the settlement agreement is July 29, 2015.

the parties here reached a settlement with the understanding that the terms required HME to waive any right or claim to compensatory sanctions.

The Release is relatively clear on this point. Presumably in exchange for an entry of a permanent injunction against the RF Defendants and a series of monetary payments, HME agreed to release RF Defendants and their attorneys from "any and all" rights or claims to costs and attorney's fees whether "known or unknown, certain or speculative, asserted or unasserted." (Agreement ¶ 6.) Judge Dembin's award of monetary sanctions, which is to be calculated based on HME's estimate of the expenses incurred in connection with Sanctionees' discovery misconduct, is clearly a right or claim to costs and fees encompassed by the plain terms of the Release. There is nothing in the settlement agreement to suggest the parties carved out a potential award of compensatory sanctions from an otherwise all-encompassing release of costs and fees. To the contrary, the parties confirm in paragraph 14 of the settlement agreement that the written agreement "contains the entire understanding and agreement between the Parties." (Agreement ¶ 14.) Thus, HME's release of "any and all" right to costs and fees must be interpreted to include a right to costs and fees associated with an award of compensatory sanctions. *See, e.g., Sure Fill & Seal, Inc. v. GFF, Inc.,* No. 8:08–CV–882–T–17TGM, 2010 WL 3125593, *4–5 (M.D.Fla. Aug. 4, 2010) (finding that plaintiffs had bargained away their right to compensatory sanctions when they executed a settlement agreement releasing the defendant and its attorneys from any and all claims, liabilities, or obligations related to the claims asserted in the litigation).

The oral representations of counsel similarly leave little doubt that monetary sanctions were contemplated by the parties when they settled the case. As recounted above, HME's counsel remarked at the outset of the hearing before Judge Dembin that "We had actually taken—asked to vacate our sanctions motion *as part of the settlement of the case* [.]" (ECF No. 421, 6:19–21.) (emphasis added). Subsequently, during oral argument on January 21, 2015 before the district judge, HME's counsel stated "So in terms of the settlement that we reached while the hearing [on sanctions] was pending, the intent was that once we reached that understanding with the defendants that that would take care of the pending sanctions motion, yes." (ECF No. 445, 5:23–6:2.) Counsel for RF Defendants later emphasized at the same hearing that "there can be no argument that the amounts paid and payable to HME were agreed to with the subject matter of this hearing and the motion for sanctions on the table." (*Id.* at 20:22–24.) At no point during the hearing did either side argue that the settlement did not take into account losses incurred by HME as a result of Sanctionees' discovery misconduct, or that the Release carved out an award of compensatory sanctions from the broader release of "any and all" claims to costs and fees.

In sum, the release of claims and the parties' representations to the Court indicate that the parties factored into their settlement agreement the costs and fees associated with Sanctionees' alleged discovery misconduct. Accordingly, the Court concludes that HME bargained away, as part of the settlement, any claim or right it may have had to monetary sanctions designed to compensate it for Sanctionees' alleged discovery abuses.

## C. The Settlement Has Mooted the Issue of Compensatory Sanctions

■ Having determined that HME bargained away its right to compensatory

sanctions, the Court turns now to address the mootness question. A case, or issue in a case, is moot when adjudication of the issue by the court can no longer impact the rights of the litigants, or result in any effective relief. *See Rice,* 404 U.S. 244, 246, 92 S.Ct. 402 (1971).

 Here, the inability of the Court to affect the rights of the parties on the issue of compensatory sanctions is clear. If the Court were to reach the merits and uphold the imposition of compensatory sanctions, HME could not collect them because it has released any and all such claims. Similarly, if the Court were to deny the sanctions on the merits, the Court could not then require HME to return the consideration it has already received as part of the settlement agreement. In other words, no decision by the Court on the issue of compensatory sanctions can affect HME's release of its right to collect those sanctions or undo the consideration RF Defendants have already paid in exchange for that release.

 In addition, the Court finds that there is no effective relief left to grant HME. HME sought compensation for losses incurred as a result of discovery misconduct. It then received that compensation through settlement, and released any rights or claims it had, or might have, to compensatory costs and fees. The parties then voluntarily dismissed the action. As a result, there is no form of effective relief left for the Court to award. Although it is true a case will not be moot if the court retains the ability to grant a partial remedy to the complaining party, *see Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12–13, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992), the Court sees no possibility for an appropriate partial remedy here where the parties have settled their dispute for what they presumably considered to be adequate consideration.

Given these circumstances, contemporary sanctions are no longer a live issue between parties with adverse legal interests. Accordingly, the Court holds that the parties' settlement of the underlying litigation, in which HME bargained away its right to compensatory costs and fees, has mooted the issue of compensatory sanctions. *See Fleming,* 529 F.3d 631 (finding that an appeal of compensatory costs and fees was mooted when the beneficiary had bargained away compensatory sanctions through settlement); *Lasar v. Ford Motor Co.,* 399 F.3d 1101 (9th Cir. 2005) (holding that there was no longer a live dispute between the parties over compensatory sanctions when the parties' settlement agreement addressed the issue); *Riverhead,* 893 F.2d 1109 (mooting the portion of an appeal concerning compensatory sanctions when the parties had addressed and resolved the sanctions issue in their settlement); *Kleiner,* 751 F.2d 1193 (vacating as moot the district court's imposition of compensatory sanctions where the parties subsequently settled the underlying litigation and the settlement took into account compensatory costs and fees).

Even if it is clear that settlement of the case has mooted HME's motion for sanctions brought under Rule 37, it may be less obvious that the settlement has mooted the sanctions imposed by Judge Dembin under Rule 26(g)(3). Judge Dembin noted in his August 7 Order that under Rule 26(g)(3) the Court is required to impose an appropriate sanction if a party or attorney has violated the Rule without substantial justification. (Sanctions Order, 27.) Citing that obligation, Judge Dembin emphasized that: "The Court's decision to impose sanctions under Rule 26(g)(3) outlives the anticipated settlement and voluntary dismissal of the case." (*Id.* at 28.)

 That a court has authority to impose sanctions after settlement and dis-

missal of the underlying case is correct as a general principle. *See Willy v. Coastal Corp.*, 503 U.S. 131, 139, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). But it is the type of sanction imposed, not the source of sanctioning authority used, that ultimately determines a sanction's post-settlement viability. Here, *compensatory* sanctions were awarded under Rule 26(g)(3), and HME bargained away its right to those sanctions by settlement. Thus, the issue of compensatory costs and fees, regardless of the specific rule of procedure by which the sanctions were awarded, is no longer live. A right to fees previously forfeited is not restored by a mere change in the source of sanctioning authority used to impose those fees. *See Sure Fill*, 2010 WL 3125593 (M.D.Fla. Aug. 4, 2010).

Rule 26(g)(3) itself allows for the possibility that litigants may bargain away compensatory sanctions. Although the Rule requires the Court to impose sanctions for violations, it does not mandate imposition of compensatory costs and fees. Instead, the Rule requires the court to impose an "appropriate" sanction for violations without substantial justification. Fed. R. Civ. P. 26(g)(3). An appropriate sanction "may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation," but costs and fees are not mandatory under the Rule. *Id.; see also* Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment ("The nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances."); *Rojas v. Town of Cicero, Illinois*, 775 F.3d 906, 909 (7th Cir.2015) (noting that a district court may award fees and costs as an appropriate sanction under Rule 26(g)(3), but that such an award is not required). Thus, even as a court's decision to impose sanctions under

Rule 26(g)(3) may outlive settlement of the underlying case, nothing in the Rule keeps an award of compensatory sanctions live when a party has bargained away its right to those sanctions by settlement.

It could be argued that the Court should remand to the magistrate for a determination of how much of HME's approximately $1.3 million in requested costs and fees HME did not receive as part of the settlement. Such an argument misses the point for at least two reasons. First, the settlement has mooted the issue of compensatory sanctions entirely; it has not merely narrowed an otherwise relevant inquiry into how much HME is due. By the plain terms of the settlement agreement, HME is neither due anything in costs and fees, nor able to collect anything in costs and fees. Instead, HME was compensated by the consideration provided for in the settlement (including entry of a permanent injunction against RF Defendants) and has released any right to costs and fees. Thus, on the issue of compensatory sanctions, there is nothing left for the Court to consider.

Second, remanding to the magistrate for a determination of the amount of compensatory sanctions left on the settlement table, after HME bargained away its right to such sanctions, would invite the Court to rewrite the terms of a final settlement agreement. This is not the proper function of the federal courts. Where parties have reached a settlement agreement, the court should not modify that agreement by imposing settlement terms on which there has been no meeting of the minds. *See, e.g., Bradley v. Am. Household Inc.*, 378 F.3d 373, 380 (4th Cir.2004) (holding that a post-settlement imposition of compensatory sanctions was unwarranted where the beneficiary of such sanctions had contractually agreed to forego those sanctions as part of a settlement agreement). Here, the RF Defendants agreed

to pay a specific sum of money and consent to the entry of permanent injunction against them in exchange for HME releasing any and all claims to costs and fees and agreeing to joint dismissal of the case. (Agreement ¶¶ 2, 3, 6.) The parties also agreed that the written agreement "contains the entire understanding and agreement between the parties." (*Id.* at ¶ 14.) Under these circumstances, any additional award of costs and fees would be inconsistent with the settlement terms actually negotiated and agreed upon. Such an award also would run counter to the strong public policy favoring settlement of litigation by reducing, *ex ante,* litigants' incentive to settle. *See Ahern v. Cent. Pac. Freight Lines,* 846 F.2d 47, 48 (9th Cir. 1988) ("It is well recognized that settlement agreements are judicially favored as a matter of sound public policy.") (quoting *Speed Shore Corp. v. Denda,* 605 F.2d 469, 473 (9th Cir.1979)).

### D. Vacatur is Appropriate

 Given that the issue of compensatory sanctions has been mooted by the parties' settlement of the case, the Court finds that vacatur of the sanctions is appropriate. In reaching this conclusion, the Court does not overlook the Supreme Court's holding in *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), that mootness brought about by voluntary settlement does not justify vacatur of a judgment under review. Rather, the Court's conclusion reflects a determination that *Bancorp* is not implicated by this case. *Bancorp* dealt with the power of federal courts to vacate a *final* judgment in connection with settlement. Here, however, Judge Dembin's August 7 Order, in which he noted that the Court would determine the amount of sanctions awarded by separate order, is not a final order that triggers the *Bancorp* presumption against vacatur. *See Discon, Inc. v. NYNEX Corp.,* 4 F.3d 130, 132 (2d Cir.1993) (holding sanctions order not final where the amount of sanctions had not yet been determined); *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.,* 873 F.2d 1327, 1329 (9th Cir.1989) (holding that a district court order imposing sanctions is not a final appealable order until the amount of sanctions is determined). Instead, the issue here is the proper disposition of a non-final order, or portions therein, where the relief at issue has become moot. Under these circumstances, vacatur is warranted because the Court does not have jurisdiction to render final judgment on an award of sanctions that no longer presents a live controversy. *See Fleming,* 529 F.3d at 640 (vacating compensatory sanctions where parties had resolved the issue by settlement before court entered final sanctions order); *Goldin v. Bartholow,* 166 F.3d 710, 718 (5th Cir.1999) ("If mootness occurred prior to the rendering of final judgment by the district court, vacatur and dismissal is automatic."). Accordingly, the Court will vacate the imposition of compensatory sanctions against Sanctionees.

### V. CONCLUSION & ORDER

 The Court emphasizes that its holding is a narrow one. In concluding that the parties' settlement of the case has mooted the issue of compensatory sanctions, the Court does not suggest that other sanctions—for example, a punitive fine paid directly to the court or non-monetary sanctions meant to vindicate the integrity of the judicial process—could not have been properly imposed notwithstanding settlement of the case.[3] These other

---

**3.** A court may impose punitive sanctions only after affording the offending party procedural protections applicable in criminal cases, including appointment of an independent prosecutor, proof beyond a reasonable doubt, and a jury trial. *See Miller v. City of Los Angeles,* 661 F.3d 1024, 1030 (9th Cir.2011).

potential sanctions are not at issue. Here, monetary sanctions were imposed to compensate HME, and HME bargained away those sanctions in settling the underlying litigation. Thus, compensatory sanctions are no longer a live issue suitable for adjudication. Other forms of sanctions may survive settlement, but the compensatory sanctions at issue here do not.

For the foregoing reasons, the Court **GRANTS IN PART** Sanctionees' motions in objection (ECF Nos. 422, 424) and **VACATES AS MOOT** the imposition of compensatory sanctions against the RF Defendants, LeClairRyan LLP, and attorney Thomas O'Leary (ECF No 420). HME's motion for attorney's fees and costs is **DISMISSED AS MOOT.**[4] (ECF No. 423.)

**IT IS SO ORDERED.**

---

4. Judge Dembin's August 7 Order also included a Report and Recommendation recommending the Court grant HME's motion for issue sanctions and an adverse inference instruction should the case proceed to trial. Because the case has settled, these recommendations are TERMINATED AS MOOT.