**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KAIL MARIE; MICHELLE L. BROWN;
KERRY WILKS, Ph. D.; DONNA
DITRANI,

      Plaintiffs - Appellees,

v.

ROBERT MOSER, M.D., in his official
capacity as Secretary of the Kansas
Department of Health and Environment;
DOUGLAS A. HAMILTON, in his official
capacity as Clerk of the District Court for
the 7th Judicial District (Douglas County);
BERNIE LUMBRERAS, in her official
capacity as Clerk of the District Court for
the 18th Judicial District (Sedgwick
County),

      Defendants.

------------------------------

PHILIP W. UNRUH; SANDRA L.
UNRUH,

      Movants - Appellants.

_____

KAIL MARIE; MICHELLE L. BROWN;
KERRY WILKS, Ph. D.; DONNA
DITRANI,

      Plaintiffs - Appellees,

No. 14-3250
(D.C. No. 2:14-CV-02518-DDC-TJJ)
(D. Kan.)

v.

ROBERT MOSER, M.D., in his official
capacity as Secretary of the Kansas
Department of Health and Environment;
DOUGLAS A. HAMILTON, in his official
capacity as Clerk of the District Court for
the 7th Judicial District (Douglas County);
BERNIE LUMBRERAS, in her official
capacity as Clerk of the District Court for
the 18th Judicial District (Sedgwick
County),

     Defendants.

------------------------------

WESTBORO BAPTIST CHURCH, INC.,

     Intervenor - Appellant.

_____

KAIL MARIE; MICHELLE L. BROWN;
KERRY WILKS, Ph. D.; DONNA
DITRANI; JAMES E. PETERS; GARY A.
MOHRMAN; CARRIE L. FOWLER;
SARAH C. BRAUN; DARCI
BOHNENBLUST; JOLEEN M.
HICKMAN,

     Plaintiffs - Appellees,

v.

ROBERT MOSER, M.D., in his official
capacity as Secretary of the Kansas
Department of Health and Environment;
DOUGLAS A. HAMILTON, in his official
capacity as Clerk of the District Court for
the 7th Judicial District (Douglas County);
BERNIE LUMBRERAS, in her official
capacity as Clerk of the District Court for

No. 14-3251
(D.C. No. 2:14-CV-02518-DDC-TJJ)
(D. Kan.)

No. 14-3276
(D.C. No. 2:14-CV-02518-DDC-TJJ)
(D. Kan.)

2

the 18th Judicial District (Sedgwick County); NICK JORDAN, in his official capacity as Secretary, Kansas Department of Revenue; LISA KASPER, in her official capacity as Director, Kansas Department of Revenue, Division of Vehicles; MIKE MICHAEL, in his official capacity as Director, Kansas State Employee Health Plan,

     Defendants.

------------------------------

WESTBORO BAPTIST CHURCH, INC.,

     Intervenor - Appellant.

———————————————

**ORDER AND JUDGMENT**[*]
———————————————

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
———————————————

Westboro Baptist Church (WBC) appeals the district court's order denying its motion to intervene as a defendant in *Marie v. Moser*, No. 2:14-cv-02518-DDC-TJJ (D. Kan.), a declaratory judgment action filed in the District of Kansas challenging Kansas's ban on same-sex marriage (No. 14-3251). WBC also appeals the district court's order denying its renewed motion to intervene (No. 14-3276). And Phillip W.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Unruh and Sandra L. Unruh appeal the district court's denial of their motion to intervene in the same action (No. 14-3250).

The district court in *Marie* has now entered final judgment, granting a permanent injunction in favor of plaintiffs in light of *Obergefell v. Hodges*, ___ U.S. ___, 135 S. Ct. 2584 (2015) (holding that state bans on same-sex marriage are unconstitutional). *Marie*, No. 2:14-cv-02518-DDC-TJJ, Amended Judgment at 2 (D. Kan. July 26, 2016). The injunction forbids the Kansas defendants and their successors from enforcing or applying any aspect of Kansas law that treats same-sex married couples differently than opposite-sex married couples. After entry of this final judgment, we ordered WBC and the Unruhs to show cause why their appeals should not be dismissed on jurisdictional grounds as moot. The Unruhs did not respond.

Federal court jurisdiction is limited to the adjudication of live cases and controversies. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). An appeal is moot if there exists no present controversy as to which effective relief can be granted. *Id*. ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation and quotation marks omitted)).

We have reviewed WBC's response and conclude its appeals are moot because there is no longer any pending litigation in the district court in which it can intervene. *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (dismissing would-be intervenor's appeal as moot after final

4

judgment was entered in the underlying case and the litigants did not appeal because the court "cannot grant [the appellant] any effective relief . . . [s]ince there is no longer any action in which appellants can intervene." (internal quotation marks omitted)).

The appeals by WBC and the Unruhs are dismissed as moot.

Entered for the Court


Gregory A. Phillips
Circuit Judge