NOT FOR PUBLICATION

**FILED**

JUN 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEAR GULCH SOLAR, LLC; et al., | No. 18-36061 |
| Plaintiffs-Appellants, | D.C. No. 6:18-cv-00006-CCL |
| v. | |
| MONTANA PUBLIC SERVICE COMMISSION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| BEAR GULCH SOLAR, LLC; et al., | No. 18-36095 |
| Plaintiffs-Appellees, | D.C. No. 6:18-cv-00006-CCL |
| v. | |
| MONTANA PUBLIC SERVICE COMMISSION; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted May 17, 2019
Portland, Oregon

Before:  N.R. SMITH and WATFORD, Circuit Judges, and SELNA,[**] District Judge.

Plaintiffs[1] and the Montana Public Service Commission and its Commissioners (MPSC) both appeal the district court's decision granting in part and denying in part their cross-motions for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.[2]

**1.** The district court erred in concluding it could reach the merits of Plaintiffs' request for declaratory relief.

"A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994). That is especially true when the applicable law is amended before a court

---

[**]     The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

[1]Plaintiffs are Bear Gulch Solar, LLC; Canyon Creek Solar, LLC; Couch Solar, LLC; Fox Farm Solar, LLC; Glass Solar, LLC; Malt Solar, LLC; Martin Solar, LLC; Middle Solar, LLC; River Solar, LLC; Sage Creek Solar, LLC; Sypes Canyon Solar, LLC; Valley View Solar, LLC; and Ulm Solar, LLC; and their parent company, Cypress Creek Renewables Development, LLC.

[2]We grant the parties' motions to take judicial notice. Dkt. Nos. 43, 52.

has ruled on the original law. *See Smith v. Univ. of Wash.*, 233 F.3d 1188, 1193–95 (9th Cir. 2000).

Here, prior to any decision from the district court, the MPSC enacted a regulation, Montana Administrative Rule 38.5.1909, that removed the allegedly unlawful portion of the MPSC's test for establishing a legally enforceable obligation (LEO). Significantly, Plaintiffs do not assert that Rule 38.5.1909 is unlawful. Thus, Plaintiffs' request for declaratory judgment regarding the MPSC's general LEO test is moot.

Although courts may decide a mooted issue if it is "capable of repetition but evading review," that rule "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (citation omitted). Plaintiffs have failed to make such a showing. There is no evidence in the record that the MPSC intends to reimplement the allegedly improper LEO test. Plaintiffs have argued only that MPSC *may* return to that standard, based on MPSC's allegedly improper conduct towards the Plaintiffs and its defense of the prior LEO test in these and related proceedings. "Such a speculative possibility does not constitute a 'reasonable [showing].'" *W. Coast*

3

*Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 705 (9th Cir. 2011).

**2.** The district court did not err in declining to provide Plaintiffs their requested injunctive relief, as that relief is barred by the Eleventh Amendment.

The Eleventh Amendment declares that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This provision bars any lawsuit against the MPSC itself, and permits suit "against the individual commissioners in their official capacities" only if "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citation, quotation marks, and alteration omitted).

Here, Plaintiffs have neither alleged an ongoing violation of federal law, nor sought relief properly characterized as prospective. The only non-mooted potential violation of federal law at issue is that, as of June 16, 2016—the date the more favorable pay rate for energy suppliers who had established a LEO (Prior Tariff) was suspended—the MPSC was utilizing a purportedly unlawful test for determining whether Plaintiffs established a LEO. As a result of that alleged

4

violation, Plaintiffs have been unable to contract to supply energy to Montana electric utility NorthWestern at the Prior Tariff rate. Indeed, as declared by Plaintiffs "the only reason [Plaintiffs] are unable to sell power prospectively at the [Prior Tariff] rate is Defendants' unlawful application of the [prior LEO] standard to the question of their eligibility for that Tariff."

That is not an ongoing violation, as the MPSC simply made a one-time determination that Plaintiffs—and those similarly situated—had not established a LEO. Plaintiffs' ongoing inability to contract with NorthWestern at their preferred rate is a "mere continuing impact from" that alleged past violation and is not a continuing violation of its own. *See Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982) (quoting *Reed v. Lockheed Aircraft Corp.*, 613 F.2d 757, 760 (9th Cir. 1980)).

Likewise, the relief requested by Plaintiffs is retroactive in nature. In their appellate brief, Plaintiffs request an injunction to prevent MPSC from "utilizing the unlawful [prior LEO] test to preclude [Plaintiffs] from contracting prospectively with NorthWestern under the [Prior Tariff]" and from "denying any [qualifying facility] the right to contract with NorthWestern prospectively under the [Prior Tariff] where the [qualifying facility] tendered a fully-negotiated,

executed [power purchase agreement] to NorthWestern on or before June 16, 2016."[3]

Although Plaintiffs ask that the Prior Tariff rate apply only prospectively, they are entitled to that rate only if we direct the MPSC commissioners to declare that Plaintiffs had established a LEO prior to June 16, 2016. *See* 18 C.F.R. § 292.304(d)(2)(i), (ii) (providing qualifying facilities with the option to sell their energy output at the applicable tariff rate existing either "at the time of delivery" or "*at the time the obligation is incurred*." (emphasis added)). As noted by the district court, this relief would require the state to "turn back the clock and re-write [its past decision] in such a way that each [qualifying facility] could benefit from the [Prior Tariff] rate," thus "imposing a burden on the [MPSC] to determine which

---

[3]We assume without deciding that Plaintiffs properly raised this requested relief below. However, we note that Plaintiffs requested two different forms of injunctive relief during the course of the district court proceedings, neither of which are the same as the relief requested before us. In their complaint, Plaintiffs requested "[p]ermanent injunctive relief directing [MPSC to] . . . adopt[] a standard for establishment of a [LEO] that is [lawful], and directing [MPSC] to allow any [qualifying facility] that satisfied that standard on or before June 16, 2016, . . . to contract with and sell their output to NorthWestern under the [Prior Tariff's] . . . rates of approximately $66/MWhr." On the other hand, in their motion for summary judgment, Plaintiffs asked the court to "declare that any [qualifying facility] that tendered a fully-negotiated . . . [power purchase agreement] to NorthWestern on or before June 16, 2016, established a LEO . . . and is entitled to contract with the utility under the [Prior Tariff's] terms." In their appellate brief, Plaintiffs expressly disclaimed the relief requested in the Complaint, and they do not reassert the precise relief requested in their summary judgment motion.

projects established [a] LEO on or before June 16, 2016 under [a] new standard and . . . ordering retroactive relief." Such retroactive relief is barred by the Eleventh Amendment. *See Verizon Md., Inc.*, 535 U.S. at 645.

The parties shall bear their own costs for this appeal.

**AFFIRMED in part and REVERSED in part.**